JOHN PARKER AND ANOTHER, AS EXECUTORS, ETC., OF JAMES LINDEN, DECEASED, APPELLANTS, *v.* MARIA LINDEN AND OTHERS, RESPONDENTS.

*Notice of the settlement of a judgment — application made at the foot of a decree — extent of the relief which may be thus secured.*

After the decision of an action at Special Term, the settlement of the form of the judgment may be made upon a notice of less than eight days.

Upon an application made upon the foot of a decree, no substantial alteration can be made in the original judgment, nor can an adjudication be made as to any matter which might have been a subject of investigation upon the trial.

It is only as to matters arising subsequent to the judgment, for the purpose of carrying into effect the judgment already entered, that such an application can be made.

APPEAL by the plaintiffs from an order, entered in the office of the clerk of the county of New York on the 31st day of July, 1890, amending a decree entered in said office on the 16th day of June, 1890; and also from an order denying a motion to vacate said order as having been irregularly made, entered in said clerk's office on the 11th day of August, 1890.

*I. N. Miller*, for the appellants.

*A. J. Skinner*, for the respondents.

VAN BRUNT, P. J.:

The papers presented upon this appeal are so meagre that it is with great difficulty that the court has been able to get at the precise position of the parties in respect to this motion.

There is no question but that the court, after the decision of an action at Special Term, may, upon a less notice than eight days, settle the form of the judgment and direct the entry thereof, and, therefore, the order appealed from cannot be reversed upon the ground of irregularity.

But we think that, under the pretext of an application at the foot of the decree, no such substantial alteration of the original judgment can be permitted, nor can a judgment be entered relating to a subject-matter which might have been a subject of investigation upon the trial, and which, if the rights of the parties demanded, should

then have been considered. It is only as to matters arising subsequent to the judgment, for the purpose of carrying into effect the judgment already entered, that an application at the foot of the decree can be permitted. In the case at bar, without any proof and without any trial, a substantial right of the plaintiffs is adjudicated upon and determined adversely to them. This, we think, the court had no power to do.

The order amending the judgment should, therefore, be reversed, and the application for such relief denied, with ten dollars costs and disbursements.

BRADY and DANIELS, JJ., concurred.

Order amending judgment reversed, and the application for such relief denied, with ten dollars costs and disbursements.