*Louis Sachs* for appellant.
*James S. Friedman* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and CRANE, JJ. Absent: ANDREWS, J.

---

HARWAY IMPROVEMENT COMPANY, Appellant and Respondent, *v.* HUGH R. PARTRIDGE, Defendant, and THE CITY OF NEW YORK, Respondent and Appellant.

*Real property — title — partition — title to uplands and lands under water bordering Gravesend bay — effect of filling in land under water.*

*Harway Improvement Co.* v. *Partridge*, 203 App. Div. 174, affirmed. (Argued May 3, 1923; decided May 29, 1923.)

CROSS-APPEALS, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 4, 1923, modifying and affirming as modified an interlocutory judgment entered upon a decision of the court on trial at Special Term. The action was brought to partition certain lands bordering Gravesend bay in the city of Brooklyn. The Appellate Division held that the plaintiff and defendant Partridge owned the upland; that the land under water was owned by the city of New York, and that the act of the plaintiff in filling in the land under water did not affect its riparian rights.

The following questions were certified: " 1. Is the title to the land formerly under water, which was filled in by the plaintiff, vested in the city of New York? 2. Is the title to the upland described in the complaint vested in the plaintiff and in defendant Partridge? 3. Did the plaintiff by filling in the land under water in front of the upland described in the complaint lose its riparian rights? "

*William N. Dykman, James R. Deering* and *James J. Dunn* for plaintiff, appellant and respondent.

*George P. Nicholson, Corporation Counsel* (*Charles J. Nehrbas* and *John J. Mead* of counsel), for defendant, respondent and appellant.

Judgment affirmed, without costs; first and second questions certified answered in the affirmative, third question in the negative; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND and McLAUGHLIN, JJ. Not voting: CRANE, J. Absent: ANDREWS, J.

---

THE MERCHANTS NATIONAL BANK OF WORCESTER, MASSACHUSETTS, Appellant, *v.* GEORGE B. LONG et al., Defendants, CITY OF BUFFALO et al., Respondents, and LONDON GUARANTEE AND ACCIDENT COMPANY, LTD., Appellant.

*Buffalo (city of) — validity and priority of claims to moneys due on contract for public improvement.*

*Merchants Nat. Bank of Worcester, Mass.,* v. *Long,* 204 App. Div. 856, affirmed.

(Argued May 3, 1923; decided May 29, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 27, 1922, unanimously affirming a judgment in favor of defendants, respondents, entered upon a decision of the court on trial at Special Term. The action was brought to determine the validity and priority of various claims made by the different parties to moneys of the city of Buffalo applicable to the payment of the contract price for the construction of the public improvement known as the city hospital. Plaintiff claimed the moneys by assignment from the contractor, defendant Long. The defendant city of Buffalo answered that it had paid the moneys to the defendant United States Fidelity and Guaranty Company. The defendant United States Fidelity and Guaranty Company answered that it was surety on the contract bond of Long, that it held his assignment of the contract moneys, that upon his default it completed his contract and paid out in so doing and on claims of persons who had furnished him materials, and for which claims it was liable under its bond, moneys in excess of those