THE CITY OF NEW YORK, Appellant, *v.* THE ATLANTIC YACHT CLUB, Respondent.

Second Department, June 19, 1924.

Ejectment — defendant acquired land under water from Commissioners of Land Office — such land is not within old town of Gravesend now owned by city of New York and defendant's title is good — boundaries — westernmost point of Coney Island as described in Lovelace patent of 1670 means westernmost point as island then existed.

The evidence shows that the land under water at Gravesend bay which the defendant claims to own and which was acquired by it from the Commissioners of the Land Office is outside of the old town of Gravesend, now a part of New

York city, and, therefore, defendant's title from the State is good and the plaintiff is not entitled to eject defendant from the land.

The westernmost point of Coney Island, as that term was used in the Lovelace patent of 1670 as a point in the description of lands granted by that patent, means the westernmost point of the island as it existed at the date of the patent and it is a fixed monument which controls in this case.

APPEAL by the plaintiff, The City of New York, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 5th day of July, 1923, upon the decision of the court rendered after a trial before the court at the Kings Trial Term, a jury having been waived, as resettled by an order entered in said clerk's office on the 16th day of August, 1923.

*John J. Mead* [*George P. Nicholson, Corporation Counsel,* with him on the brief], for the appellant.

*William N. Dykman* [*S. B. Olney* with him on the brief], for the respondent.

KELLY, P. J.:

In 1910 the city of New York brought this action in ejectment to recover possession of a parcel of land bounded northerly by the pierhead line in Gravesend bay established in 1892, easterly by Sea Gate avenue and Gravesend bay, southerly by Poplar avenue and westerly by Gravesend bay and land belonging to the Prospect Park and Coney Island Railroad Company or its successors in interest, with damages for the use and occupation of the property by defendant. Issue was not joined until 1922 and the action came on for trial in March, 1923, at Trial Term, before the court without a jury. The learned trial justice decided that the defendant was the owner of the premises and filed a decision with findings of fact and conclusions of law, upon which judgment was entered in favor of defendant, from which judgment plaintiff appeals.

In June, 1890, the trustees of the common lands of the town of Gravesend, pursuant to Laws of 1883, chapter 458, executed and delivered to John B. Shanahan a deed purporting to convey to him certain lots shown on a map of said common lands made by Kowalski in 1878, together with the adjacent and contiguous water and land under water in Gravesend bay, and of New York bay so far as the town owned the same. The defendant derives its title to the premises described in the complaint by mesne conveyances from Shanahan and from a grant of land under water made by the People of the State of New York in 1897 to the Norton Point Land Company which then owned the upland. We have recently considered the questions of law and fact involved in

these Gravesend bay titles.   The deed from the trustees to Shanahan was ineffectual to convey any of the lands then under water in Gravesend bay below the high-water mark.   (*Nevins* v. *Friedauer*, 198 App. Div. 250.)   Shanahan and his successors in title were, however, vested with the riparian rights appurtenant to the premises conveyed, including the right to land added to the upland conveyed, by accretion.   (*Mulry* v. *Norton*, 100 N. Y. 424, and cases cited.)   The land thus gained by accretion would not be of sufficient area to justify defendant's claim of title out to the pierhead line, and defendant claims title to the remaining land in dispute by virtue of the grant of land under water from the Commissioners of the Land Office hereinbefore referred to.   If the land under water so granted was within the bounds of the old town of Gravesend it was owned by the town and the State had no right to convey it. If it was not within the boundaries of the town, title passed under the grant from the State.   (*Somerville* v. *City of New York*, 78 Misc. Rep. 203; *Somerville* v. *City of New York*, 89 id. 188; *Harway Improvement Co.* v. *Partridge*, 203 App. Div. 174; affd., 236 N. Y. 563.)

The plaintiff claims that the premises are within the bounds of the town as defined in the Lovelace patent of 1670 and the confirmatory Dongan patent of 1686.   The defendant on the other hand insists that the *locus in quo* is west of the westerly boundary line of the town, and so was not included in these patents.   This depends upon the location of such westerly boundary line.   The learned trial justice found that the parcel of land in dispute was west of and outside the boundary line of the town, and that the city as successor in title to the town of Gravesend had no title.

The location of the westerly boundary line was before this court in the *Harway Case* (*supra*).   It is described in the Lovelace patent as a " lyne stretching from the westermost parte of the said Island unto the Southermost parte of Anthony Iansens old Bowerye."   This court decided the location of this west line in the *Harway Case* (*supra*).   We affirmed the finding of the trial justice in that case (who it may be remarked was also the trial justice in the case at bar) that " The ' southern most parte of Anthony Jansens old bowerye ' referred to in the Lovelace patent to the Town of Gravesend is a point on the shore line of Gravesend Bay between a point at which Bay-37th Street as now laid out intersects said shore line and the point at which Bay 35th Street as now laid out would, if prolonged, intersect said shore line."   The line thus referred to ran southerly or southwesterly from the point thus located to " the westermost parte " of Coney Island.

The learned justice at Trial Term has found as matter of fact

that the premises in dispute in the case at bar lie wholly west of this line. But the plaintiff, appellant, contends that in locating the "westermost parte" of Coney Island as described in the Lovelace patent, we must take the westerly end of Coney Island in 1923 and not the westerly end as it existed in 1670 when Governor Lovelace made the grant. It is found by the trial court as matter of fact that subsequent to the grant, Coney Island grew and increased to the westward and northward by accretion.

I cannot assent to the proposition that this westerly line is a shifting boundary. I think the westerly end of Coney Island as it existed at the date of the patent was a fixed monument. In 1797 the Legislature of the State of New York enacted chapter 54 of the laws of that year, directing that it should be the duty of the supervisors of the towns of the county of Kings to cause the outlines of such towns to be surveyed and the survey delivered to the Surveyor-General's office. Pursuant to this act the supervisor of the town of Gravesend caused to be made a map of the town which was filed in the office of the Surveyor-General as provided in the statute. This map, called the Terhune map, definitely fixed the westerly end of Coney Island, the southerly point of the westerly boundary line of the town as it existed at that time, and, as already stated, the premises in dispute are wholly west of and outside this line. Whether the upland gained by accretion west of the line is in the town of Gravesend or not, and I may say I think it is, there is no evidence of change in the land under water, and in my opinion the westerly line of the town remained as defined in the patent. The land under water lying without this line is not affected by the decisions in the *Somerville* and *Nevins Cases* (*supra*), and the defendant and its predecessors in title, riparian owners, had the right to apply for and the Commissioners of the Land Office had the right to make the grant under which the defendant claims.

It follows that the judgment of the learned trial justice was right and should be affirmed.

Present — KELLY, P. J., RICH, JAYCOX, MANNING and KAPPER, JJ.

Judgment unanimously affirmed, with costs.