THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARWAY IMPROVEMENT COMPANY, Appellant, v. CHARLES W. BERRY, as Comptroller of the City of New York and Others, Respondents.

Second Department, May 22, 1930.

*James J. Dunn* [*James R. Deering* with him on the brief], for the appellant.

*William H. King* [*Arthur J. W. Hilly, Corporation Counsel,* and *Isaac Phillips* with him on the brief], for the respondents.

CARSWELL, J. The relator owned certain land at Gravesend Beach, Brooklyn, N. Y. The city levied taxes upon that property for the years 1922, 1923, 1924 and 1925. The relator claimed that the taxes thus assessed were erroneous in amount, in that they included therein an element representing the value of certain structures thereon, which structures were erected by third parties who entered upon the land pursuant to permits given to them by the city of New York under a claim by the city that it had the

right to issue such permits and allow such structures to be erected because of the city's claimed ownership of the land involved. The relator moved for a peremptory mandamus order to correct and reduce these taxes. This motion was denied, and from the order entered thereon this appeal is taken. The motion by the relator was made after there had been an adjudication (*Harway Improvement Co.* v. *Partridge,* 203 App. Div. 174; affd., 236 N. Y. 563) that the relator owned the land in question and that the city of New York had no ownership therein.

The motion was properly denied. The state of this record compels this view when considered in connection with the provisions of the Tax Law, section 21, subdivision 3 (as amd. by Laws of 1916, chap. 323). That subdivision makes directions with respect to the preparation of an assessment roll and provides that an additional column in the assessment roll shall contain the value of the land exclusive of the buildings thereon and that the main column shall contain the total assessment. This permits, as a matter of inspection and computation, the fixation of the amount which, in the view of the assessors, represents the value of the improvement upon the land. That amount would be the difference between the valuation of the land exclusive of the buildings, contained in this additional column, and the valuation in the main column which is the total assessment. There is, however, in subdivision 3 a sentence which limits the effect of these valuations and the review of them. It reads: " The total assessment only can be reviewed." The grievances under the Tax Law, section 290 (as amd. by Laws of 1916, chap. 323), which may be reviewed by a taxpayer, concern illegality, overvaluation and inequality. The claim involved herein relates to overvaluation. It has been stated in the concurring opinion of POUND, J., in *People ex rel. Strong* v. *Hart* (216 N. Y. 513, 521): " The total assessment should equal the full value of the real property, whether the land, exclusive of the buildings, is valued separately as provided by section 21-a or not. There is but one ' full value,' which should be the same by whatever method determined." And the foregoing met concurrence in the dissenting opinion of SEABURY, J. (at p. 525): " The court is required to review the total assessment only, so that if the land has been assessed by the assessors at too much and the buildings at too little or the land at too little and the buildings at too much, both assessments can be corrected at the same time and in the same proceeding."

In other words, the assessment roll may contain two valuations, but there is only one assessment; and if the total assessment is legal, it is not important whether the land is valued too high

or the improvements too low, or *vice versa*, provided the total assessment is not excessive. In order to establish in the case at bar that the total assessment is excessive, it requires more than a mere showing that a valuation had been placed upon the improvements on the land at an amount greater by its entirety than should have been fixed upon such improvements. Assuming, without deciding, that no amount should have been fixed as a matter of valuation of the improvements, it does not follow that the total assessment of the land, including the improvements, is excessive in the absence of a showing that the land was not undervalued. The existence of an improper item of valuation of the improvements or structures does not establish that there has been an overvaluation of the parcel as a matter of assessment. To entitle one to such a holding there would have to be a showing that the land was in fact worth less than the total assessment.

The foregoing is the settled doctrine. In *People ex rel. United Verde Copper Company* v. *Feitner* (54 App. Div. 217; affd., 165 N. Y. 645) the court said: " By the express terms of the statute a party can only maintain a certiorari to review an assessment where it has been aggrieved by it. * * * The theory upon which the assessment is made is of no importance. The only question to be examined in a case like this is whether the relator can be said to be aggrieved because the amount of the assessment is too large."

It was also said in *People ex rel. Eden Musee Co.* v. *Feitner* (60 App. Div. 282, 283): " Section 906 of the Greater New York charter (Laws of 1897, chap. 378), which is in line with section 250 of the General Tax Law (Laws of 1896, chap. 908), places upon one seeking to review and correct an assessment the burden of showing that he has been aggrieved, and, therefore, the question presented in this case, *irrespective of the method* by which the commissioners reached the result, is whether the assessment imposed is in excess of the actual value of the property sought to be taxed."

This relator has assumed that if this structure or improvement in its entirety was improperly considered in arriving at the total assessment, the difference between the valuation of the land with the improvement as stated and the valuation, in the same assessment roll, of the land without the improvement, represented an overvaluation to the extent of the value of the improvement. This conclusion, however, does not follow in the absence of an affirmative showing that the land without the improvement is overvalued at the total figure appearing in the assessment roll, because it is only the total appearing in the assessment roll that may be reviewed, and not the method by which it was arrived at. It is this that necessitates an affirmative showing that the land, exclusive of the

structure thereon, is overvalued in the figure set down as the total assessment. This is not shown in the moving papers herein. If an allegation of fact to this effect were made, the defendants could raise an issue with respect to that fact and become entitled to an opportunity to justify the total assessment as not being an overvaluation, wholly independent of the value of the improvement upon the land in question. The opportunity to litigate this issue is not presented by these moving papers, because facts asserting overvaluation within the foregoing rules have not been set out by the relator herein.

The papers upon which the relator moved being inadequate to establish overvaluation or to litigate the issue of overvaluation, the motion was properly denied, assuming but not deciding that the remedy of mandamus is available to litigate that question at this time under section 897 of the Greater New York Charter (as amd. by Laws of 1915, chap. 592).

This conclusion makes unnecessary a further consideration of the other questions presented.

The order should be affirmed, with ten dollars costs and disbursements.

Present — LAZANSKY, P. J., YOUNG, KAPPER, CARSWELL and TOMPKINS, JJ.

Order denying motion for a peremptory mandamus order unanimously affirmed, with ten dollars costs and disbursements.