THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARWAY IMPROVE-
MENT COMPANY, Relator, *v.* CHARLES W. BERRY, as Comptroller
of the City of New York, Respondent.

Supreme Court, Kings County, January 10, 1931.

*Deering & Deering*, for the relator.

*Arthur J. W. Hilly, Corporation Counsel*, for the respondent.

MAY, J. Relator seeks a peremptory writ of mandamus directed to the comptroller and the commissioners constituting the board of taxes and assessments, requiring and commanding them, pursuant to section 897 of the Greater New York Charter, to pass upon the relator's application for the correction of assessments claimed by relator to have been unlawfully levied upon its property at Gravesend Beach for the years 1922, 1923, 1924 and 1925. This is the third application which the relator has made for this or similar relief. (See *Harway Imp. Co.* v. *Partridge*, 220 App. Div. 595; *People ex rel. Harway Imp. Co.* v. *Berry*, 229 id. 565.) In both of the previous applications relator was unsuccessful because of technical defects in procedure.

I am of the opinion, however, that the application herein, considered on its merits, cannot be granted. As has already been intimated in the decisions on the previous applications referred to, the city having jurisdiction to assess the property, the assessments levied thereon cannot be held to be illegal, but at most erroneous. Relator in the instant application has sought to come within the language of the opinion written by the Appellate Division on its last preceding application so as to litigate the issue of overvaluation. But it has mistaken its remedy. Such application should have been made, seasonably, by certiorari, and while we may sympathize with the plight of the relator and the conditions which caused its failure to avail itself of this remedy specifically provided by the charter, such failure, in my opinion, is fatal, for it is well settled that mandamus cannot be sought when the law affords another adequate remedy. Also, as was stated in *U. S. Trust Co. of New York* v. *Mayor, etc., of City of New York* (144 N. Y. 488, 492), referring to the action of the commissioners of taxes: " They were acting judicially in assessing the plaintiff, and their action had all the force and effect of a judgment; which, while open to review by some direct proceeding prescribed by the law, is secure against collateral attack."

Relator contends that while the charter permits a review by certiorari, which right may be lost by lapse of time, as in the instant case, a further remedy is provided under section 897 of the charter (as amd. by Laws of 1915, chap. 592) which states: " After the expiration of one year from the delivery of the books to the receiver of taxes, the comptroller, with the written approval of the board of taxes and assessments, may correct any erroneous assessment, or tax due to a clerical error, or to an error of description of any parcel of real estate." The contention rests upon the argument that the phrase " any erroneous assessment," set off by a comma, is to be considered in the disjunctive and that the comptroller is given unrestrained power to review the same. I am of the opinion that such clearly is not the interpretation of this section. To so construe it would be a manifest absurdity in the light of the other sections under this title. The power given to the comptroller under this section clearly applies, as was stated by Judge CARDOZO in *People ex rel. Wessell, Nickel & Gross* v. *Craig* (236 N. Y. 100, 106), " to cases where there has been some clerical error." While such statement was mere dictum in the *Wessell* case, the issue is here squarely presented as to the interpretation of this section, and such is my construction of it.

Motion for mandamus accordingly is denied.