In the Matter of FARRAGUT GARDENS No. 1, INC., Appellant, against WILLIAM E. BOYLAND et al., Constituting the Tax Commission of the City of New York, Respondents. [1402–1416 New York Ave., Borough of Brooklyn.] —

Such an assessment is not illegal, but erroneous, and a review thereof requires compliance with the provisions of the New York City Charter, the Administrative Code and the Tax Law, which provide an adequate and exclusive remedy. (*People ex rel. Soeurbee, Inc.,* v. *Purdy,* 179 App. Div. 748, affd. 222 N. Y. 657; *Sikora Realty Corp.* v. *City of New York,* 262 N. Y. 312; *People ex rel. Harway Improvement Co.* v. *Berry,* 139 Misc. 614, affd. 233 App. Div. 851, 865, affd. 258 N. Y. 590.) The procedure adopted by appellant has no basis in law. Present — Nolan, P. J., Carswell, Adel, Wenzel and Schmidt, JJ. [See *post,* p. 1078.]

In the Matter of 52 CLARK INC., Respondent, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Appellant.—

The lease made in 1947 with the former tenant of the apartment involved here provided that the respondent would furnish maid and linen service, and the registration of that lease with the then Federal office of rent control required the maintenance of such services and established a new maximum rent for the housing accommodation. By virtue of the provisions of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1951, ch. 443), and the adoption of regulations by the Temporary State Housing Rent Commission, the maximum rent and the essential services provided for by the lease of 1947 measure the present maximum rent and the required services for this apartment (State Rent and Eviction Regulations, § 3, subd. 4; §§ 21, 23 and 35). In view of the fact that respondent by its lease made in 1947 agreed to furnish maid and linen service, and thereby established a maximum rent for the housing accommodations, and because such services are included within the definition of essential services (State Rent and Eviction Regulations, § 3, subd. 4), and the present tenant has not consented to the decrease in the services (State Residential Rent Law, § 4, subd. 4, par. [a], cl. [5], as amd. by L. 1951, ch. 443), the denial of the petition by the State Rent Administrator was not arbitrary or capricious. Nolan, P. J., Carswell, Johnston, Adel and MacCrate, JJ., concur.