In the Matter of R. E. Associates, Incorporated, Appellant, against Joseph D. McGoldrick, as State Rent Administrator, Respondent.

First Department, May 6, 1952.

*Harris J. Griston* for appellant.

*Beatrice Shainswit* of counsel (*Robert H. Schaffer*, attorney), for respondent.

*Per Curiam.* Petitioner made application to the State Rent Administrator for approval of the conversion of a manually operated elevator to an automatic elevator. The leases which petitioner has with its tenants allow such conversion without affecting the other rights or obligations of the parties. The Rent Administrator conditioned his approval of the conversion upon the maintenance of twenty-four-hour doorman service, although such service has not been supplied in the building for some years. The cost of maintaining such doorman service is as great as that of manually operating the elevator. The Rent Administrator has thus effectively nullified petitioner's advantage from conversion and rendered conversion valueless.

The Rent Administrator's contention in support of his order is that doorman service was supplied in this building on March 1, 1943, the rent freeze date under the old Federal law, and is therefore to be regarded as an essential service which the landlord is required to supply under section 23 of the Rent and Eviction Regulations of the Temporary State Housing Rent Commission. This regulation was promulgated by the Rent Commission pursuant to the authority granted to it by law to require the same essential services as were provided on " the date determining the maximum rent ", and the regulation requires a landlord to provide the same essential services as were provided on March 1, 1950, or any subsequent date determining the maximum rent. The Rent Administrator expounds the theory by which the services rendered on March 1, 1943, became the essential services as of March 1, 1950, as follows: " Under the law, the maximum rent, subject to modifications not here relevant, is determined as of March 1, 1950, pursuant to the Housing and Rent Act of 1947. As so defined, the maximum rent is that rent which was being paid on March 1, 1943, subject to changes authorized by the Price Administrator or his successor, the Housing Expediter. It should be noted that a maximum rent was not solely composed of the amount of money to which the landlord might be entitled, but also included

an enumeration of the services which he was required to render to the tenant." The decision by the Rent Administrator, under review, proceeds upon the basis that twenty-four-hour doorman service was never dispensed with by the Federal rent officer, and that it entered as an essential service into the rent payable under the Federal law which was frozen by the State act as of March 1, 1950.

Assuming, without more, that essential services on March 1, 1950, relate back to services rendered on March 1, 1943, there is more in this case. The "date determining the maximum rent" is not necessarily March 1, 1943, as under the Federal law certain increases were thereafter granted and adjustments allowed, and under the State law certain increases have been allowed, particularly pursuant to leases. When a lease has been made in accordance with law, the date of the lease becomes the date determining the maximum rent. Such leases were made with all the tenants in the building here involved. Whether doorman service existed on the date the leases were made is not clear in the record. In our opinion if doorman service was not provided at the time the leases were made, doorman service cannot be considered an essential service required by law.

Whether and to what extent doorman service may be regarded as an essential service may vary according to buildings and times. That it is not to be regarded as an absolute and mandatory requirement without qualification, because it existed on the rent freeze date, was recognized under the Federal Rent Regulations and by the Federal Housing Expediter and the courts (*Brown* v. *S. E. Riverside Corp.*, 277 App. Div. 860). If such service has not existed for years, and the tenants have acknowledged the propriety of discontinuing the service by entering into leases when such service did not exist and without requiring it, it should not be regarded as an essential service as a matter of law. It is true that tenants may not waive their rights under the rent law, but that does not mean their actions reflecting their views as to essential services must be disregarded.

This matter should be remitted to the Rent Commission for a direct and not indirect determination of whether the landlord should be required to supply doorman service. That determination should be made in the light of the conditions existing in the building at the time the leases were made. If doorman service was not supplied at that time, the landlord should not be required to supply it now.

COHN, J. (dissenting). The Rent Commission's order requiring that upon removal of the elevator operators in this fourteen-story, forty-nine apartment building, twenty-four-hour doorman service be provided for the tenants' protection, was entirely reasonable.

The commission properly held that the landlord had no right to convert to self-service elevator operation and to discharge the operators unless that could be done without decreasing essential service provided for tenants on the freeze date, to wit: March 1, 1943. It was sufficiently established that lobby attendant service was then provided in this building, by both doormen and elevator operators, and that such service was essential. The fact that a tenant may have waived his purely contractual right to insist upon manually operated elevators did not mear that he had thereby waived his right to insist on a continuance of other essential services guaranteed him by the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1950, ch. 250). In the circumstances, the Special Term was right in holding that the Rent Commission's order refusing to permit the withdrawal of elevator operators, without doorman replacement was neither capricious nor arbitrary. The order should, in all respects, be affirmed.

PECK, P. J., VAN VOORHIS and BERGAN, JJ., concur in *Per Curiam* opinion; COHN, J., dissents and votes to affirm in opinion in which CALLAHAN, J., concurs.

Matter remitted to the Rent Commission for determination in accordance with the opinion herein. Settle order on notice.