In the Matter of JERLAN HOLDING CORPORATION, Petitioner, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.

Supreme Court, Special Term, New York County, January 20, 1953.

*Israel Finkel* for petitioner.

*Robert H. Schaffer* and *Beatrice Shainswit* for respondent.

HOFSTADTER, J. This is a proceeding under article 78 of the Civil Practice Act to review a determination of the State Rent Administrator denying a landlord's protest against certain conditions imposed by the local rent administrator in granting permission to convert a manually operated passenger elevator into an automatic elevator. The building is an apartment house at 698 West End Avenue, Manhattan, consisting of ninety-one separate units. The conditions complained of by the petitioner are the requirement that it maintain twenty-four-hour lobby

attendant service at the main entrance to the building and provide an employee to be available to give aid to invalids, sick persons and children desiring to use the elevator, and to assist tenants with baby carriages and those incumbered with parcels.

The administrator's determination was made in the exercise of his statutory power to enforce the maintenance of essential services (see State Rent & Eviction Regulations, §§ 23, 35, subd. 1, and Administrator's Opinion No. 40). The petitioner's challenge is grounded on the admitted fact that doorman service had been eliminated in 1946 and was not a service which the tenants enjoyed or were entitled to enjoy on March 1, 1950. From this premise, the petitioner insists that the effect of the administrator's order is to give the tenants more service than they had on March 1, 1950. In support of its position it relies heavily on *Matter of R. E. Associates* v. *McGoldrick* (280 App. Div. 202).

In my opinion, the petitioner misconceives the purport of the order here in question. The administrator has not ordered the restoration of the discontinued doorman service. He has merely directed the substitution through the lobby attendant of the protection and incidental assistance which the proof before him showed the tenants have been receiving at the hands of the present elevator operators who are on duty twenty-four hours. The order gives the tenants no more than the equivalent of a service now afforded them, a service the administrator might well regard as both necessary and essential in an apartment building of the size, type and location of the one here involved. *Matter of R. E. Associates* v. *McGoldrick* (*supra*) dealt with doorman service, as such, not lobby protection and kindred service. I do not regard the *R. E. Associates* case as laying down a rigid rule which forbids conditioning a permission to convert from manual to automatic elevator operation on the maintenance of appropriate lobby protection (*Matter of 147 East 84th St. Corp.* v. *McGoldrick*, N. Y. L. J., Nov. 28, 1952, p. 1309, col. 3, Rabin, J.).

Since the ruling in *R. E. Associates* v. *McGoldrick* (*supra*) is not controlling of the issue here, I think the determination challenged was within the discretionary competence of the Rent Administrator.

The application to annul the determination is accordingly denied and the proceeding is dismissed.