In the Matter of JERLAN HOLDING CORPORATION, Appellant, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.

First Department, April 28, 1953.

*Israel Finkel* for appellant.

*Beatrice Shainswit* of counsel (*Robert H. Schaffer*, attorney). for respondent.

BREITEL, J. In this article 78 (Civ. Prac. Act) proceeding landlord seeks to annul a determination by the State Rent Commission requiring it to provide twenty-four-hour lobby or door attendant service, as a condition to converting an apartment house elevator from manual operation to self-service automatic operation, without suffering a reduction in the controlled rents. Special Term confirmed the determination. Landlord has appealed.

The apartment building has fifteen stories, ninety-one apartments, uses one passenger elevator, and is located at 698 West End Avenue. The elevator is presently operated on a twenty-four-hour basis. In 1943, when the Federal rent controls went into effect, in addition to the elevator operators, the then landlord of the building supplied seventeen-hour doorman service. Since 1946 or 1947 there has been no such doorman service.

The leases which landlord has with the tenants authorize landlord to convert from manually operated elevators to automatic elevators without otherwise affecting the obligations of the parties. These leases were executed when the building was providing no doorman service.

Concededly, the Rent Commission may regulate the reduction of essential services by its control over maximum rents in controlled premises. The question is whether the protection allegedly provided tenants by the presence, continuously or intermittently, in the lobby of the building by elevator men is an essential service. We hold that it is, and that therefore, the Rent Commission had the power to impose appropriate conditions in consenting to the elimination of elevator men by the installation of a self-service automatic elevator.

Landlord has urged that this court in *Matter of R. E. Associates* v. *McGoldrick* (280 App. Div. 202) held otherwise. In that case, it was determined that the essentiality of doorman service was not shown where at the time of the leases, in 1950, there was no such doorman service, and yet the tenants had entered into leases which reserved to the landlord the right to convert the elevator service. Said the court (p. 204): "In our opinion if doorman service was not provided at the time the leases were made, doorman service cannot be considered an essential service required by law. Whether and to what extent doorman service may be regarded as an essential service may vary according to buildings and times. That it is not to be regarded as an absolute and mandatory requirement without qualification, because it existed on the rent freeze date, was recognized under the Federal Rent Regulations and by the Federal Housing Expediter and the courts (*Brown* v. *S. E. Riverside Corp.*, 277 App. Div. 860)."

While in the *R. E. Associates* case it was urged that the doorman service imposed as a condition to elevator conversion was necessary as a protective service for the tenants, the opinion stresses provision of doorman service alone, without mention of lobby protection. Moreover, the court was careful to point out that what was an essential service depended upon the building and times.

We are satisfied that this record establishes that a building of the character, size and location as is involved here would provide inadequate protection to its many tenants, if its entrance lobby were supervised neither continuously nor intermittently by building employees, such as elevator men or lobby attendants or doormen, to discourage intruders and to assist tenants of advanced age, extreme youth, or impaired health. The proposed elimination of the elevator men, regardless of whether there were ever any doormen, presented the Rent Commission with such a condition. Consequently it had the power to substitute a corrective for the condition should landlord exercise its contractual right to convert the elevator service.

It follows therefore, that neither the Rent Commission nor the court is concerned with restoration of a doorman service that has not existed at this building for seven years. This was quite accurately pointed out by the learned Special Term. The concern is with an essential service, lobby protection, currently provided, and heretofore provided from the date when the maximum rents and the essential services are to be determined, which will be reduced or eliminated as a result of elevator conversion. Such a reduction or elimination of essential service requires the Rent Commission in enforcing the rent control statute to reflect that reduction in the rents allowed, unless an equivalent essential service is provided by landlord. The Rent Commission provided an approximate equivalent by directing the employment of a lobby attendant on a twenty-four-hour basis, if the elevator conversion proceeds, or else requiring the maximum rents to be reduced. That this may result in depriving landlord of the economic benefit of the elevator conversion is immaterial.

Recent determinations by this court are quite consistent with the principles discussed herein. As indicated in the *R. E. Associates* case, the essentiality of a service may depend upon the building. *Matter of 147 East 84th St. Corp.* v. *McGoldrick* (281 App. Div. 826) involved a small building and one that never had twenty-four-hour lobby protection from doormen, lobby attendants, or elevator men. *Matter of United Security Corp.* v. *McGoldrick* (281 App. Div. 859), while sustaining the administrator, turned on stipulations made by the landlord in the proceeding and accepted by the administrator.

We repeat, we are not concerned here with restoration of a discontinued doorman service of many years standing. That doorman service was not a twenty-four-hour service, in any event. That discontinued service, it has been amply shown, as was the doorman service in the *R. E. Associates* case, was not essential. We are concerned with the discontinuance now of an essential service, namely, incidental lobby protection provided currently, in this building, by elevator men continuously on duty, and intermittently in the lobby, and continuously controlling the means of access to the several apartments. This service in a building of the size, tenancy, location and character as here, the Rent Commission could find constituted incidental lobby protection and was an essential service.

The order of Special Term confirming the determination of the State Rent Commission should be affirmed.

VAN VOORHIS, J. (dissenting). *Matter of 147 East 84th St. Corp.* v. *McGoldrick* (281 App. Div. 826) and *Matter of R. E. Associates* v. *McGoldrick* (280 App. Div. 202) are not distinguishable in view of the circumstance that these leases, containing the clause permitting conversion from manual to automatic elevator service, were signed by the tenants after doorman service had been discontinued, and it is conceded that there were no doormen on the freeze date. Upon the authority of the cases cited, I dissent and vote to modify the determination of the Rent Administrator by eliminating the condition requiring doorman service.

DORE, J. P., COHN and CALLAHAN, JJ., concur with BREITEL, J.; VAN VOORHIS, J., dissents and votes to modify in opinion.

Order affirmed, with $20 costs and disbursements to the respondent.