In the Matter of FIRST TERRACE GARDENS, INC., Appellant, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent, and GEORGE C. CLAYTON et al., Intervenors-Respondents.

CALLAHAN, J. P. (dissenting). I vote to remit the matter to the rent administrator once more for further consideration.

I believe that an unconditional denial of this application to convert the buildings in the manner proposed by the landlord deprives the owner of fundamental property rights not eliminated or suspended by the State Residential Rent Law. (L. 1946, ch. 274, as amd.)

The right to convert the elevators to automatic operation was reserved in the leases. Under such circumstances, the courts merely recognize the power of the rent administrator to prescribe conditions attaching to the change that would prevent a deprivation or diminution of essential services (*Matter of R. E. Associates* v. *McGoldrick*, 282 App. Div. 1043, affd. 308 N. Y. 710; *Matter of Jerlan Holding Corp.* v. *McGoldrick*, 281 App. Div. 545).

The centralization of entrances does not in and of itself deprive the tenants of any essential service. It is not every diminution of service that is proscribed, but such only as affects an *essential* service to a *substantial* degree. As I see it, that is not the situation before us on this record. There is nothing in the rent laws which mandates continuance of the precise structural form or condition of the premises, especially outside of the apartments themselves. That equally effective means of ingress and egress will be provided by central lobbies is apparent, when we consider that new high-class apartment houses of comparable size in Manhattan are being constructed with a central or common entranceway and have a unified and controlled delivery service available for the use of the tenants. Indeed, it is reasonable to assume that an owner would not undertake extensive and expensive structural alterations as contemplated here, unless he believed that they would ultimately improve his property.

While the connected cellar may involve a problem of protection for tenants, it certainly does not present an insurmountable difficulty warranting rejection of the plan of conversion *in toto*. The furnishing of reasonable police protection to the tenants is simply a matter of manpower, and the rent administrator could require guard service in a reasonably adequate amount.

The order appealed from should be reversed and the matter remitted to the State Rent Administrator for further consideration in accordance with this opinion.

Breitel, Bastow and Botein, JJ., concur; Callahan, J. P., dissents and votes to reverse and remit to State Rent Administrator for further consideration.

Order affirmed, with $20 costs and disbursements to the respondents. No opinion.