Thomas A. Aurelio, J.
This is an article 78 proceeding by a landlord to review an order of the Administrator which granted permission to the petitioner to convert the manually operated passenger elevators to automatic operation hut only upon certain conditions. The order of the Administrator set forth 10 conditions but this proceeding challenges only two of the substituted services required as a condition to the conversion: (1) that the landlord maintain an attendant in the lobby in addition to the lobby attendant or doorman from 8:00 a.m. to 12:00 p.m. daily; (2) that the landlord install indicators on all. floors for both passenger elevators which will indicate the movement of the elevators.
The subject premises is a 20-story and penthouse luxury multiple dwelling on Park Avenue containing 111 apartments and wherein about 250 persons reside. All of the leases and expired leases permit the conversion of the elevators. Prior to conversion the building had two manually operated passenger elevators and one manually operated service elevator; there *1009 was a lobby attendant doorman from 8:00 a.m. to 1:00 A.M.; from 1:00 a.m. to 8:00 a.m. there was a combination doorman and elevator operator for both passenger elevators; among the duties performed by the elevator man and lobby attendant, in addition to their normal functions of lobby protection, was attendance at the switchboard in the outer vestibule, announcing guests, assorting and delivery of mail, newspapers and packages, aid and assistance to tenants encumbered with luggage and packages or requiring other assistance.
The petitioner, while not challenging the Administrator’s power to impose terms and conditions upon elevator conversions, contends that the findings of the Administrator with relation to these two conditions were unreasonable.
I am of the opinion that the Administrator’s determination requiring that the landlord maintain an attendant in the lobby in addition to the lobby attendant or doorman from 8:00 a.m. to 12:00 p.m. daily was neither arbitrary, capricious, nor unreasonable.
The Administrator has power to impose appropriate conditions in consenting to the elimination of the elevator men as a result of the installation of self-service elevators (Matter of Jerlan Holding Corp. v. McGoldrick, 281 App. Div. 545). The duties of the extra lobby attendant, under the circumstances herein, are not merely a luxury service nor do they merely duplicate those of the doorman. On the contrary, the order requiring this attendant avoids a substantial diminution of the protection required to be furnished tenants and their absence would deprive tenants of an essential service which is necessary for their security and protection (Matter of R. E. Associates v. McGoldrick, 280 App. Div. 202). Whether, and to what extent, doorman service may be regarded as essential may vary according to the buildings and times. The record establishes that a building of the character, size and location as here involved would not provide adequate protection with only an outside doorman. The maintenance of the man in the lobby in addition to an outside doorman to assist the tenants is essential. The maintenance of only one doorman, as here desired by the landlord, would result in the foisting upon a single doorman of, in addition to his own functions, all the duties that were previously performed by the elevator operators. He would thus be required to also guard the lobby, screen visitors, operate the intercommunicating system, deliver and assort mail and assist people of advanced age and infirm health.
I am of the opinion that there was sound basis for the Administrator’s determination on this point.
*1010 The same does not hold for the Administrator’s determination requiring the installation of indicators on each floor, which necessitates a capital expenditure of almost $4,000. There is no rational relationship between the conversion of the elevators and the installation of indicators. The tenant of a building provided with manual elevator service but having no indicators, as was the case in these premises for many years, is just as unaware of the imminent approach of the elevator as a tenant of a building with converted elevators. These indicators serve no functional or operational purposes and have nothing to do with essential services. The Administrator’s determination in this respect is arbitrary and capricious. The matter is remanded to the Administrator for further action in conformity herewith.