George Timer, J.
This is a proceeding pursuant to article 78 of the Civil Practice Act to review the determination of the Bent Commission which denied landlord’s petition to permit electricity to be individually metered and have Consolidated Edison bill the tenants directly for such electricity.
The tenants in the premises in question had been supplied with electricity through a submetering system, with the landlord billing the tenants. This practice was ordered discontinued in 1952 by the Public Service Commission. Landlords were permitted by the Bent Commission to request the Edison Company to supply directly to the tenants and bill each accordingly, or do away with the meters and have the electricity service absorbed in the monthly rent with the understanding that such would be a required essential service.
The predecessor landlord in the instant case chose the latter option and orders were issued by the Bent Commission in August, 1952 increasing the maximum rents in conformity with the formula set up and under which the landlord was required in return to furnish unlimited current.
It is significant to note that such order of the Bent Commission stated specifically: ‘ ‘ provided that so long as the tenant in occupancy on May 1st, 1952 continues to remain in occupancy of such housing accommodation the maximum rent on May *689 1st, 1952 is determined as ........ per month, including the service of unmetered electricity, which amount shall be the maximum rent * * * until such tenant shall vacate the accommodations ”.
Since 1952 many leases were signed under such formula, so-called “ 15% leases ”, which provided for increases over the base rent, which included the increase granted by the 1952 order. The present owner bought the premises in 1956 and in January, 1958 made application to switch to the option of service and billing directly by the Edison Company to the tenant, with a decrease in maximum rents equivalent to the increase granted in 1952.
The majority of tenants opposes the switch.
The Rent Commission denied the application, holding that the present owner has no right to revoke the agreement entered into between the prior landlord and the tenants, which was embodied in the issuance of orders increasing the maximum rents and which established the service of unlimited and unmetered electrical current being available to the tenants for normal household and kitchen appliances. The commission also found such service to be essential. The commission further stated that the landlord had a proper remedy for increase of services rendered or increase in costs.
The landlord urges that such determination is unlawful, arbitrary and capricious and that such service of electricity was not an essential service within the law, having taken effect after 1943 (the freeze date).
Inherent in the Rent Commission’s determination is a finding that refusal to permit a switch would not be inequitable since other remedies were provided to cover increases in costs or increase in services due to installation of appliances not within the scope of ordinary household and kitchen appliances.
The “ date determining the maximum rent ” is not necessarily March 1, 1943. (R. E. Associates v. McGoldrick, 282 App. Div. 1043, affd. 308 N. Y. 710.) What shall constitute an essential service and whether elimination thereof is warranted rests in the first instance with the commission (Matter of Jerlan Holding Corp. v. McGoldrick, 203 Misc. 305, affd. 281 App. Div. 545; Matter of 52 Clark v. McGoldrick, 279 App. Div. 913, affd. 304 N. Y. 676). Either as tenants under lease or as statutory tenants, the tenants are protected under the agreement with the prior landlord to supply electricity as part of the services rendered under maximum rents.
In view of the careful and thorough consideration given by the commission and the findings that the landlord had proper *690 remedies to alleviate any inequities that may arise, the court finds that the determination of the commission in denying the petition of the landlord was not unlawful, arbitrary or capricious and was founded upon reasonable basis designed to maintain essential services. The commission’s determination therefore should not be upset (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1).
Application is denied. Petition dismissed.