OPINION OF THE COURT
Karen B. Rothenberg, J.
Petitioner 9281 Shore Road Owners Corp. seeks a judgment ordering respondent Commissioner of Finance of the City of New York to cancel its imposition on July 17, 2012 of additional real property taxes and potential interest retroactive to July 1, 2004, and through June 30, 2013 on petitioner’s real property, an apartment building located at 9281 Shore Road in Brooklyn, New York. Respondent moves by order to show cause for an enlargement of time to answer* and petitioner cross-moves for a preliminary injunction enjoining respondents from imposing interest charges on the additional property taxes until 90 days after service of entry of a final order in this proceeding.
Background and Procedural History
Petitioner is the cooperative that owns the property. The property was considered eligible for a tax abatement for improvements made to the building in 2002 pursuant to Administrative Code of City of NY § 11-243, also known as a J-51 tax exemption. The J-51 tax exemption exempts a building, for a period of 14 years, from taxes based on an increased valuation of the building after capital improvements are made. The tax exemption is based on a complex calculation which requires an increase in the property value as a result of capital improvements to be determined by the assessors in the Property Division of the Department of Finance.
In the tax year 2004/2005, respondent implemented a partial tax exemption of $603,000. That figure was achieved by calculating equalization charges for four tax years, prior to and including 2004/2005. The exemption increased in value as the value of the property increased. In 2012, respondent concluded the following: (1) that it was an error to calculate the equalization charges for four years, (2) that the calculation should have been based on three years, and (3) that the addition of a fourth year added an extra $153,000 to the exemption which should not *770 have been included. Respondent notified petitioner that there was a revised assessment and as a result of the new assessment petitioner owed an additional $565,671 in property taxes. Petitioner filed this petition pursuant to CPLR article 78, to challenge the new assessment and the imposition of back taxes by respondent.
Discussion
In a CPLR article 78 proceeding, the court must grant deference to the agency determination unless it is made “in excess of [the agency’s] jurisdiction, in violation of lawful procedure, arbitrarily, or in abuse of [the agency’s] discretionary power” (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). If the reviewing court finds that the determination is “supported by facts or reasonable inferences that can be drawn from the record and has a rational basis in the law, it must be confirmed” (Matter of American Tel. & Tel. Co. v State Tax Commn., 61 NY2d 393, 400 [1984]).
Petitioner maintains that the reassessment of the amount of its exemption violates the Charter of the City of New York, which provides in section 165 that “[t]he final determination of the tax commission upon any application for the correction of an assessment shall be rendered not later than the twenty-fifth day of May. Otherwise, the assessment objected to shall be deemed to be the final determination of the tax commission.” Petitioner argues that in the absence of “illegality, irregularity in vital matters, or fraud” a final determination should remain final even if there is an “err[or] in judgment on the facts, [or] injustice is the result” (People ex rel. Finnegan v McBride, 226 NY 252, 259 [1919]) and that once an administrative decision is final, the agency “may not get what amounts to a second chance to rule on” its decision (Matter of Peckham v Calogero, 12 NY3d 424, 432 [2009]). However, both parties here acknowledge that pursuant to Administrative Code of the City of New York § 11-206 “[t]he commissioner of finance may correct any assessment or tax which is erroneous due to a clerical error” (emphasis added). Therefore, the only pertinent question presented in this petition is whether the Commissioner of Finance’s use of four years instead of three when determining the exemption value of the cooperative was a “clerical error.”
The Administrative Code does not define “clerical error,” however, long-standing New York law defines a clerical error as *771 one of mistake of form, but not where the mistake was made “in the exercise of any judgment or discretion” (People ex rel. Nostrand v Wilson, 119 NY 515, 518 [1890]; see also Matter of Hermance v Ulster County, 71 NY 481, 486 [1877] [“ ‘Clerical’ errors are mentioned to distinguish them from, and exclude errors of substance, of judgment, or of law”]).
Here respondent claims that the assessment of the tax exemption erroneously included a fourth year and by statute only three years should be considered citing RPTL 489 (9) (b) (3). However, the history of the J-51 tax abatement program indicates that there is no strict guideline for determining the value of the exemption. “The conditions to be met to obtain such exemption or abatement, as well as the value of each, are left to the determination of the local governing bodies which can adjust them to meet local conditions and changing circumstances” (Governor’s Mem approving L 1946, ch 321, 1946 NY Legis Ann at 206; see also Matter of 111 Fourth Ave. Assoc. v Finance Admin. of City of N.Y., 101 Misc 2d 950, 951-952 [Sup Ct, NY County 1979]). The use of four years as opposed to three is in the nature of a judgment or an interpretation of law and therefore cannot be considered a clerical error.
It should also be noted that New York courts have traditionally held that an erroneous inclusion of property in an assessment is not a clerical error (see People ex rel. Harway Improvement Co. v Berry, 139 Misc 614 [1931], affd 233 App Div 851 [1931], affd 258 NY 590 [1932]; People ex rel. Wessell, Nickel & Gross v Craig, 236 NY 100 [1923]). It stands to reason that the allegedly erroneous inclusion of an additional year in the calculation of the exemption is similarly not a clerical error.
Clerical errors are errors which are in form and not in judgment. Here, respondent has increased the tax burden of petitioner, with no notice, on an interpretation of law or a change in the assessor’s judgment. Petitioner has a right to rely on the assessment of the assessors. It is fundamental that
“assessors speak to the tax payers through their completed rolls. Those, and those only, register their judgments. What the property-owner there finds he has a right to rely upon as in truth the judgment and determination of the officers. If they may change it, with little or no notice, to correspond with some unregistered judgment and opinion known only to themselves, and so as not merely to correct a formal or non-substantial error, but so as to *772 increase valuations and add to liabilities, there will be little of safety to the tax payer, or of utility in the rights which the statute confers” (People ex rel. Chamberlain v Forrest, 96 NY 544, 549 [1884]).
Accordingly it is ordered that petitioner’s petition is granted and the imposition made on July 17, 2012 of additional real property taxes and interest on petitioner’s real property is cancelled; and it is further ordered that respondent’s motion for additional time to answer and petitioner’s cross motion for a preliminary injunction are denied as moot.

 The court has accepted respondent’s answer and need not consider this motion.