HOLMES ELECTRIC PROTECTIVE COMPANY, Plaintiff, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, January 7, 1948.

*Charles E. Murphy, Corporation Counsel,* for defendants.
*Ralph W. Brown* for plaintiff.

PECORA, J. Plaintiff sues for a declaratory judgment declaring that plaintiff was not, and is not, liable to a utility tax under the utility tax laws of the city of New York. In addition, recovery is sought of certain sums, representing utility taxes paid by plaintiff to the defendants under protest.

The amended complaint alleges that the business of plaintiff is that of the protection of its customers' premises against burglary and unauthorized entry. The customers in each case enter into a contract with plaintiff. Protection is afforded the customers by the maintenance of forces of watchmen, patrolmen and guards. In some instances the patrolmen and watchmen are given advance assignments to patrol streets or watch the customers' property. In other instances guards are dispatched from various offices to the customer's premises, when it is believed they are needed for protection. The principal means of determining necessity for such guards is the receipt of an alarm signal which is transmitted to plaintiff when an electrical circuit formed by wires attached to doors, windows and walls of the customer's premises becomes unbalanced by some disturbance. Upon receipt of an alarm signal showing a disturbance of the circuit on the customer's premises, a guard is dispatched to ascertain the cause of the disturbance, and to take necessary action to protect the customer's property.

Under the first cause of action, it appears that defendant comptroller, on May 17, 1944, served upon plaintiff a notice of deficiency under the utility tax laws of the City of New York for the period from May 1, 1942, to December 31, 1943, based upon plaintiff's receipts from its customers. The complaint alleges that the assessment was made against plaintiff as a " utility " or " vendor of utility services " and as a person selling telegraphy or furnishing telegraph services. That assessment was made pursuant to Local Laws of the City of New York, No. 49 of 1941, No. 29 of 1942, and No. 22 of 1943. Within thirty days after the assessment, plaintiff made application for a hearing before the comptroller to contest the assessment. No date for such a hearing has yet been fixed. This action was commenced to obtain a declaration that plaintiff, for the period from July 1, 1938, to December 31, 1943, was not engaged in the business of selling or furnishing telegraphic service, that it was not a vendor of telegraphic service and accordingly that the utility tax is inapplicable to this plaintiff.

As to the second cause of action, the suit for a refund arises from the following. The first utility tax law of the City of New York with which this action is concerned was Local Laws

of the City of New York, No. 21 (No. 20 published as No. 21) of 1934 as amended in 1935. Plaintiff, because of the nature of its business, made no returns and paid no tax under that law. Upon being notified, in August 1936, by the comptroller that a deficiency tax had been assessed against plaintiff, a hearing was demanded. The comptroller's determination, that plaintiff's receipts were subject to the utility tax, was reviewed by certiorari under article 78 of the Civil Practice Act. The Appellate Division unanimously annulled the comptroller's determination. (*Matter of Holmes Elec. Protective Co.* v. *McGoldrick*, 262 App. Div. 514, affd. 288 N. Y. 635.)

While that litigation was pending, from July, 1938, to April, 1942, plaintiff paid additional utility taxes, under protest, amounting to $94,274.09. Upon final decision by the Court of Appeals, the city refused to refund said sum, relying upon changes which had been made in the Local Laws in the interim. Plaintiff now seeks to recover said sum.

Defendants move to dismiss the complaint upon the ground that the court does not have jurisdiction of the subject of the action. Specifically, it is contended that the " exclusive remedies " provisions in the utility tax laws are binding on plaintiff and give the comptroller, in the first instance, jurisdiction to decide the issues presented by the complaint. Under section Q41-6.0 of the Administrative Code of the City of New York, the determination of the comptroller of an assessment may be reviewed by a proceeding under article 78 of the Civil Practice Act, if instituted within thirty days after the giving of the notice of the determination, and upon payment of the amount of the assessment to the treasurer and posting a bond for costs. By section Q41-7.0 of the Administrative Code, applications for refunds must be made to the comptroller within one year after payment. The determination of the comptroller upon such application may be reviewed by a proceeding under article 78 of the Civil Practice Act if instituted within thirty days after the determination. Section Q41-9.0 provides: " The remedies provided by [sections Q41-6.0 and Q41-7.0 hereof] shall be the exclusive remedies available to any person for the review of tax liability imposed by this title * * * ; and no determination * * * of tax or determination on any application for refund shall be enjoined or reviewed by an action for declaratory judgment, an action for money had and received or by any action or proceeding other than a proceeding under article seventy-eight of the civil practice act * * *."

Based upon these sections of the city's utility tax law, the city contends that the exclusive remedies therein provided bars the present action.

The resolution of the question of whether these provisions for " exclusive remedies " require dismissal of plaintiff's action depends upon the allegations of the complaint. Plaintiff asserts that the utility tax law is inapplicable to plaintiff and is unconstitutional if applied to it. In *Richfield Oil Corp.* v. *City of Syracuse* (287 N. Y. 234, 239) the court said: " An action for a declaratory judgment may be maintained, despite the provisions of a taxing statute which provide that the method of judicial review prescribed therein shall be exclusive, where the jurisdiction of the taxing authorities is challenged on the ground that the statute is unconstitutional or that the statute by its own terms does not apply in a given case. (*Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198.) "

In *Booth* v. *City of New York* (268 App. Div. 502, affd. 296 N. Y. 573) the Appellate Division quoted the above language from the *Richfield Oil Corp.* case (*supra*) and said (p. 506): " There is no reason to think, therefore, that the Court of Appeals considers that under no condition, where there is a so-called exclusive remedy provided, a declaratory judgment may be maintained."

In a number of other cases where the argument of " exclusive remedies " was urged, the courts have held that declaratory judgment actions and other available remedies would be permitted where the tax laws are inapplicable to the taxpayer or where they are unconstitutional in their application. (*All-American Bus Lines* v. *City of New York*, 268 App. Div. 508, affd. 296 N. Y. 571; *Stampers Arrival of Buyers, Inc.*, v. *City of New York*, 296 N. Y. 574, affg. 269 App. Div. 741; *Saltser & Weinsier, Inc.*, v. *McGoldrick*, 295 N. Y. 499, 505.)

Upon this motion, the court does not have to determine whether plaintiff's assertions of inapplicability or unconstitutionality are correct. Sufficient upon a motion to dismiss is a showing that a genuine question is presented which requires a declaration of the rights of the parties with respect to applicability or unconstitutionality. Clearly the amended complaint herein contains allegations sufficient to invoke the court's powers to render a decision on those questions. In at least one case, *Matter of Holmes Elec. Protective Co.* v. *McGoldrick* (*supra*), plaintiff has been successful in sustaining its claim to inapplicability. Whether the amendments to the utility tax laws, made after that decision, have as the defendants contend, brought

plaintiff within the sphere of the taxing statute is a matter for final determination in this action. On the face of the complaint, plaintiff has properly appealed to this court to exercise its jurisdiction to make that determination. The motion to dismiss is denied. Settle order.