METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff, *v.* CITY OF
NEW YORK, Defendant.

In the Matter of METROPOLITAN LIFE INSURANCE COMPANY, Peti-
tioner, against LAZARUS JOSEPH, as Comptroller of the City of
New York, Respondent.

Supreme Court, Special Term, New York County, April 20, 1950

*John P. McGrath, Corporation Counsel* (*Stanley Buchsbaum, Bernard H. Sherris* and *Alvin H. Kaufer* of counsel), for defendant.

*James F. Donnelly, Ferdinand Tannenbaum, David I. Shivitz* and *Edmund B. Bennefeld* for plaintiff-petitioner.

BENVENGA, J. Motions to dismiss (1) a complaint in an action to recover the amount of a business tax deficiency paid under protest, and (2) a petition in an article 78 proceeding to review the comptroller's determination of such tax deficiency. The basic question presented involves a construction of certain provisions of the Administrative Code of the City of New York.

In December, 1942, the comptroller issued to the plaintiff-petitioner a notice of a determination of a business tax deficiency covering the years 1933 to 1941. The tax assessment was based upon plaintiff's receipts from annuity considerations, on the theory that they constituted " premiums " under the applicable local laws.

On December 11, 1942, within ten days after the issuance of the notice, the plaintiff paid the tax and filed with the comptroller a written notice of protest against the assessment, on the ground that receipts from annuity contracts are not taxable.

The plaintiff having thereafter demanded a hearing and refund of the tax payment, the comptroller denied the claim for a refund, but granted a hearing for the limited purpose of affording the plaintiff an opportunity to establish that it had complied with the statutory requirements for a review of the comptroller's determination. Following this limited hearing, the original determination was confirmed.

It appears that prior to the confirmation of the comptroller's determination, a test case was instituted, apparently as a result of an agreement between the city and the insurance companies

affected, including the plaintiff. The proceeding resulted in an annulment of the comptroller's determination (*Matter of Guardian Life Ins. Co.* v. *Joseph,* 297 N. Y. 976, affg. 272 App. Div. 481).

Following the decision of the Court of Appeals the plaintiff brought an action against the city to recover the amount of the tax. The complaint in that action contained two causes of action: one for a declaratory judgment, and the other for the money had and received. Then, after the confirmation of the comptroller's original determination, the proceeding under article 78 was instituted. It demands a hearing on the merits or, in the alternative, a refund of the tax payment.

That the determination of the tax deficiency made by the comptroller is illegal is conceded. Nevertheless, the city contends that the plaintiff is not entitled to a hearing on the merits or to a refund of the tax payment: (1) because it failed to apply for a hearing within thirty days after notice of the comptroller's determination, and (2) because it failed to apply for a refund within one year after payment of the tax.

In support of its position, the city relies upon certain provisions of the Administrative Code. These provisions, among other things, empower the comptroller, under certain conditions, to make a determination of a tax deficiency. Such determination, it is provided, '' shall finally and irrevocably fix the tax unless the person against whom it is assessed shall, within thirty days, apply to the comptroller for a hearing on such determination.'' (Administrative Code, § RR41–6.0.) If a taxpayer seeks a '' refund '' of taxes paid under protest, he shall, within one year from payment thereof, make application to the comptroller therefor, but shall not be entitled to a hearing in connection with such application if he has already had a hearing or been given an opportunity to a hearing as provided in section RR41–6.0 (Administrative Code, § RR41–7.0). Finally, it is provided that the determination of the comptroller shall be reviewable by a proceeding under article 78 of the Civil Practice Act, if instituted within 30 days after determination (Administrative Code, §§ RR41–6.0, RR41–7.0); and, moreover, that the remedies provided by sections RR41–6.0 and RR41–7.0 shall be the '' exclusive remedies '' available to any person for a review of the tax liability so imposed, and that no determination on an application for refund shall be enjoined or reviewed by an action for declaratory judgment, an action for money had and received, or by any action or proceeding except a proceeding under article 78 (Administrative Code, § RR41–9.0).

These and substantially similar " exclusive remedies " provisions of the taxing statute have already received judicial construction. It has been repeatedly held that, notwithstanding these provisions, an action for declaratory judgment or for money had and received may be maintained, where the jurisdiction or authority of the taxing official is challenged on the ground that the statute is unconstitutional or that the statute by its own terms does not apply in a given case. (*Booth* v. *City of New York*, 268 App. Div. 502, 505–506, affd. 296 N. Y. 573; *All American Bus Lines* v. *City of New York*, 268 App. Div. 508, affd. 296 N. Y. 571; *Stampers Arrival of Buyers, Inc.* v. *City of New York*, 269 App. Div. 741, affd. 296 N. Y. 574; *Holmes Elec. Protective Corp.* v. *City of New York*, 191 Misc. 378, affd. 275 App. Div. 908; *Ackerman* v. *City of New York*, 88 N.Y.S. 2d 729.) It follows, therefore, that, as the comptroller was without jurisdiction or authority to issue the deficiency assessment, the " exclusive remedies " provisions of the Administrative Code are inapplicable.

True, the case of *London Terrace Inc.* v. *City of New York*, (36 N.Y.S. 2d 847) upon which the city relies, is to the contrary. It is at variance, however, with the cases just cited, all of which are later decisions. Indeed, the *London Terrace* case was relied upon at Special Term in the *Booth* case (*Booth* v. *City of New York*, 182 Misc. 152), and the decision in the *Booth* case was followed in the *All American Bus Lines* case (*All American Bus Lines* v. *City of New York*, 47 N. Y. S. 2d 781) and the *Stampers* case (*Stampers Arrival of Buyers, Inc.* v. *City of New York*, N.Y.L.J., July 14, 1944, p. 87, col. 5). All of these decisions were reversed on appeal. Accordingly, the *London Terrace* case must be deemed to have been overruled.

But, even assuming that actions for declaratory judgment and for money had and received are prohibited by the " exclusive remedies " provisions of the Administrative Code, it seems to me that the letter of December 11, 1942, (concededly sent and received within the statutory period) constitutes an application for a hearing within the purview of section RR41–6.0 of the Administrative Code. That section, it is to be noted, makes the comptroller's determination final and irrevocable unless the taxpayer shall, within thirty days, " apply * * * for a hearing ". It does not prescribe the form in which the application is to be made, whether written or oral. Nor does it specify the language to be used by the taxpayer in making his application. It would seem, therefore, that the letter is sufficient if

it may reasonably be deemed to be an application or request for a hearing on the comptroller's determination.

In this connection it is to be noted that the comptroller's notice of determination advised the plaintiff that, in the event it did not agree with the determination, it was entitled to a hearing, if application therefor was made within thirty days, and that the notice bears the following reference: " In re: Hearing Unit, Room 512, Notice of Determination."

Accordingly, the letter enclosing the plaintiff's check in payment of the assessment and two copies of the protest in connection with such payment, is addressed to the comptroller and treasurer, bureau of excise taxes, and bears the identical reference indicated in the notice of determination: " In re: Hearing Unit, Room 512, Notice of Determination." In other words, the letter is addressed to the very official who issued the notice of determination and whose duty it was to grant a hearing on the subject.

It would seem, therefore, that the letter is in substance and effect an application for a rehearing upon, and a review of, the comptroller's determination. It is difficult to see how it could have been construed otherwise. Certainly, the payment was not voluntarily made. It was not the plaintiff's purpose and intent to yield to the comptroller's determination, but rather to challenge and contest it. Everything done by the plaintiff was consistent with such intention. True, the letter did not use the words " hearing requested " or even words of similar import. Nevertheless, the plaintiff sufficiently manifested its intention and purpose to contest its liability for the tax imposed and to apply for a hearing on the comptroller's determination. " The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal " (*Wood* v. *Duff-Gordon*, 222 N. Y. 88, 91 [CARDOZO, J.]).

The motions are, in all respects, denied.