In the Matter of STATE INSURANCE FUND, Petitioner, against WILLIAM E. BOYLAND et al., Constituting the Tax Commission of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, October 28, 1952.

*Bernard Katzen* and *Julian Jawitz* for petitioner.

*Denis M. Hurley, Corporation Counsel* (*James J. McGowan* of counsel), for respondents.

SAYPOL, J.  The petitioner, the State Insurance Fund, brings this proceeding under article 78 of the Civil Practice Act to review a determination of the respondents, constituting the tax commission of the City of New York, which denied the petitioner exemption from taxation of its real property.  The petitioner seeks (1) an order annulling respondents' denial of its application for an exemption of its property from real estate taxation; (2) an order to remove the real estate taxes imposed as a cloud upon the title of the property; and (3) an order directing that petitioner's application for exemption be granted.

The petitioner further moves upon the return for an order " dismissing " the third and fourth affirmative defenses of the respondents' answer as insufficient in law.

Pursuant to legislative authorization (Workmen's Compensation Law, § 81, as amd. by L. 1947, ch. 649, and L. 1949, ch. 607), the petitioner on June 2, 1950, acquired for $765,000 title to a parcel of realty occupying the city block bounded by Church, Thomas and Duane Streets, and Trimble Place in the borough of Manhattan.  The plot presently contains four small unoccupied buildings which are to be torn down and in their place the petitioner intends to erect a large office building costing approximately $5,000,000, to serve as its home office.  It appears that the purchase of the property was made subject to an existing lease between the vendor and a bank, by the terms of which there was reserved to the latter a part of the ground floor, basement and sub-basement of one of the present buildings or of any new building which might be erected on the property.  The petitioner has already leased to that bank at an annual rent of $40,000 comparable space in the contemplated building for a twenty-one-year term, with renewal options, the bank agreeing to contribute $35,000 towards the cost of construction.

A few weeks after it acquired title, the petitioner wrote to the office of the collector of the City of New York advising of its purchase of the property and asking that the property be removed from the tax rolls, pursuant to the provisions of subdivision 2 of section 4 of the Tax Law.  The assessed valuation for the tax year 1950–51 had already been established by the date of acquisition of title at $515,000, $440,000 for the land and $75,000 for the buildings.

On March 13, 1951, the 1951–52 tentative assessment at $625,-000 having been made, the petitioner filed with the respondents a formal application for exemption from and remission of real estate taxes, upon a printed form furnished by respondents. The form bore the notation that the application should be filed between February 1st and March 15th, and contained the legend that the application was made " pursuant to Article 1, Sec. 4 of the State Tax Law ". The assessed valuation for the years 1950–51 and 1951–52 was set forth in the application.

The respondents held a hearing upon the application and on February 13, 1952, wrote the petitioner's attorney that " at a meeting of the Tax Commission held February 6, 1952, the Application for Exemption (Remission) filed on the above property for the year 1951–52 was denied."

On June 2, 1952, petitioner instituted this proceeding. Claiming that it is an agency of the State of New York (cf. *Sadigur* v. *State of New York,* 173 Misc. 645) within the meaning of subdivision 2 of section 4 of the Tax Law, which grants exemption from taxation of property of the State, the petitioner seeks to annul and set aside " the determination of the respondents dated February 13, 1952," and for the other relief heretofore stated.

The respondents have interposed an answer wherein they allege affirmatively that the petitioner is not a State agency " but on the contrary is merely a common insurance carrier competing with other private carriers for the business of Workmen's Compensation and so-called employees' health insurance; that, as such, the benefits of any exemption from local real estate taxes will inure, not to the general public, but to a limited group of private employers and employees in the form of reduced insurance premiums, dividends and rebates ". In addition, the answer contains four separate affirmative defenses. The first two, of similar import to the matter just quoted, allege that the petitioner constitutes an independent entity exercising purely corporate and proprietary, as distinguished from governmental functions (cf. *Matter of Torpedo Dress Corp.,* 176 Misc. 60, affd. on other grounds 259 App. Div. 994, affd. 285 N. Y. 626), and that under section 81 of the Workmen's Compensation Law as amended the petitioner has only the same status, rights, responsibilities and obligations with respect to local real estate taxes as any other private landlord.

The third and fourth defenses raise matter of a procedural nature. In the third defense it is alleged that sections 290-b and 290-c of the Tax Law, sections 165 and 166 of the New York City

Charter, and section 166–1.0 of the Administrative Code of the City of New York provide an adequate and exclusive statutory remedy for review of the petitioner's claim for tax exemption; and that subdivision 4 of section 1285 of the Civil Practice Act denies the availability of relief under article 78. The fourth defense, referring to sections 160, 163, 164 and 165 of the New York City Charter, alleges that the respondents' action in not rendering a final determination upon petitioner's application on or before May 25, 1951, was in effect a denial of petitioner's application (Charter, § 165), and that even were a proceeding under article 78 maintainable, section 1286 of the Civil Practice Act required the commencement of a proceeding thereunder no later than September 25, 1951, whereas this proceeding was not commenced until nine months later.

In support of their position raised by the third defense, that there exists an adequate and exclusive statutory procedure for reviewing tax assessments which the petitioner has not followed, the respondents rely primarily upon sections 165 and 166 of the New York City Charter and paragraph 1 of subdivision b of section 166–1.0 of the Administrative Code.

Section 165 of the New York City Charter is as follows: *" Final determination of the tax commission.*— The final determination of the tax commission upon any application for the correction of an assessment shall be rendered not later than the twenty-fifth day of May. Otherwise, the assessment objected to shall be deemed to be the final determination of the tax commission."

Section 166 of the New York City Charter is as follows: *" Proceeding to review final determination of the tax commission.*— A proceeding to review or correct on the merits any final determination of the tax commission may be had as provided by law, and if brought to review a determination mentioned in section one hundred sixty-five must be commenced before the twenty-fifth day of October following the time when the determination sought to be reviewed or corrected was made." (As amd. by L. 1949, ch. 550, eff. May 1, 1949.)

Section 166–1.0 of the Administrative Code, insofar as pertinent, is as follows:

*" Proceeding to review tax assessment; contents of petition.* a. Any person or corporation claiming to be aggrieved by the assessed valuation of real property may commence a proceeding to review or correct on the merits a final determination of the tax commission by serving on the president of the tax commis-

sion, or his duly authorized agent, a copy of a verified petition as prescribed by law. Within ten days after a proceeding has been commenced as hereinbefore provided, the original verified petition with proof of service shall be filed in the office of the clerk of the court in which the proceeding is to be heard.

" b. Such review shall be allowed only on one or more of the following grounds, which must be specified in such petition:

" 1. That the assessment is illegal, and stating the particulars of the alleged illegality, or

" 2. That the assessment is erroneous by reason of over-valuation, or

" 3. That the assessment is erroneous by reason of inequality, in that it has been made at a higher proportionate valuation than the assessment of other real property of like character in the same ward or section, or other real property on the assessment rolls of the city for the same year, specifying the instances in which such inequality exists and the extent thereof, and stating that the petitioner is or will be injured thereby.

" c. The proceeding shall be maintained against the tax commission either by naming the president and the commissioners of the tax commission individually, or by naming the tax commission of the city of New York generally.

" d. Such proceeding to review and all proceedings thereunder shall be brought at a special term of the supreme court in the judicial district where the real property so assessed is situated." (As amd. by L. 1949, ch. 550, eff. May 1, 1949, and L. 1950, ch. 818, eff. April 20, 1950. The 1950 amendment applies to all proceedings instituted on or after May 1, 1949.)

The respondents contend further that since the petitioner has already leased a part of the space in the proposed building to a private tenant — and might possibly lease additional space to other private tenants — the petitioner at most would be entitled only to partial tax exemption on the space actually used and occupied by it. Accordingly, as the petitioner's property would be partially assessable, the only relief is by statutory proceeding to review the tax assessment, set forth in the charter and the Administrative Code provisions (*supra*) (cf. *Young Women's Christian Assn.* v. *City of New York,* 217 App. Div. 406, affd. 245 N. Y. 562; *Sikora Realty Corp.* v. *City of New York,* 262 N. Y. 312; *Interstate Lien Corp.* v. *St. Paul's African Methodist Episcopal Zion Church,* 275 App. Div. 993, and *Matter of Farragut Gardens, No. 1* v. *Boyland,* 279 App. Div. 913). It is, however, dispositive of this latter contention of the respondents that pres-

ently none of the old buildings is occupied and, therefore, the question of future occupancy of the new buildings by private tenants is academic.

The petitioner maintains that the charter and Administrative Code provisions relating to review relied upon by the respondents have application to proceedings for the " correction of an assessment " (New York City Charter, § 165); that review of a determination of an application for tax exemption under section 4 of the Tax Law is not restricted solely to such a proceeding as set forth in the charter and Administrative Code; and that the issue of complete tax exemption, which goes to the jurisdiction of the respondents to place the property upon the tax rolls, can be raised at any time. Reference is made to a number of judicial precedents holding that tax assessment of wholly and totally exempt property is illegal (as distinguished from erroneous), and that an attack thereon may be made collaterally, such as by actions in equity to remove a cloud on title (*Elmhurst Fire Co.* v. *City of New York,* 213 N. Y. 87; *Westchester Co.* v. *Town of Harrison,* 85 N. Y. S. 2d 374), actions for a declaratory judgment (*Dun & Bradstreet* v. *City of New York,* 276 N. Y. 198; *Booth* v. *City of New York,* 268 App. Div. 502, affd. 296 N. Y. 573; cf. *Richfield Oil Corp.* v. *City of Syracuse,* 287 N. Y. 234), or occasionally by other remedies (*Cooper Union* v. *City of New York,* 272 App. Div. 438, affd. 298 N. Y. 578; *Matter of City of New York* [*Woodhaven Blvd.-Queens*], 260 App. Div. 659; *Miller* v. *City of Oneida,* 153 Misc. 438). While not adverted to by counsel, it may be noted that although some " exclusive remedy " provisions of taxing statutes have been held not to prohibit the use of other remedies (see *Metropolitan Life Ins. Co.* v. *City of New York,* 199 Misc. 181), if the Legislature does provide a proper means for reviewing any question of illegality as well as of irregularity, such remedy may be exclusive (*Lewis* v. *City of Lockport,* 276 N. Y. 336). As already quoted, paragraph 1 of subdivision b of section 166–1.0 of the Administrative Code lists as one of the grounds for the statutory review, that " the assessment is illegal ".

Assuming, but not deciding, that the remedy afforded by the charter and Administrative Code provisions (*supra*) does not preclude judicial review by other means, the basic question remains whether the proceeding pursuant to article 78 of the Civil Practice Act is available to the petitioner as an alternative method of review. If not, that will conclude further consideration of the other questions. Solution of this problem will be

facilitated by examining briefly the historical development of the proceeding to review tax assessments on real property in conjunction with the evolution of the present proceeding pursuant to article 78 of the Civil Practice Act.

Prior to its abolition in 1949 (L. 1949, ch. 551; Tax Law, § 290), the method for reviewing tax assessments was by a special statutory certiorari proceeding first established in 1880 (L. 1880, ch. 269); (see *Mercantile Nat. Bank* v. *Mayor*, 172 N. Y. 35, 42; *People ex rel. Lehigh Val. Ry. Co.* v. *Clover*, 174 Misc. 44, 45; Fourteenth Annual Report of N. Y. Judicial Council, pp. 179, 182–183; Fifteenth Annual Report of N. Y. Judicial Council, pp. 321, 324–325). Such a proceeding was subsequently incorporated in the Tax Law in 1896 (L. 1896, ch. 908), and enacted in 1909 as article 13 of the Tax Law (L. 1909, ch. 62, constituting ch. 60 of the Consolidated Laws).

Although article 13 of the Tax Law applies generally throughout the State, specific provisions in city charters, administrative codes or special statutes control insofar as they differ from article 13 (*People ex rel. American Sugar Refining Co.* v. *Sexton*, 274 N. Y. 304; *People ex rel. Western N. Y. & Pa. Ry. Co.* v. *Woodbury*, 133 App. Div. 503, affd. 201 N. Y. 532).

The statutory proceeding established in 1880 provided a special writ. The procedure thereunder differed from earlier common-law procedure. In certain cases additional proof could be taken to aid the court in the disposition of the appeal (see *People ex rel. Manhattan Ry. Co.* v. *Barker*, 152 N. Y. 417, 444). Although the proceeding to review a tax assessment was called a certiorari proceeding, it was not within the definition of that term as commonly used (see *People ex rel. Citizens' Lighting Co.* v. *Feitner*, 81 App. Div. 118, 120).

When in 1922, section 1283 of the Civil Practice Act was amended by abolishing writs of certiorari and substituting orders therefor, writs of tax certiorari in tax cases were expressly excepted (L. 1922, ch. 355; see *People ex rel. Di Leo* v. *Edwards*, 247 App. Div. 331, 333, pointing out that certiorari proceedings under Civ. Prac. Act, § 1283 were entirely different from tax certiorari proceedings). Similarly, when the Legislature in 1937 (L. 1937, ch. 526), upon the recommendation of the Judicial Council (Third Annual Report of N. Y. Judicial Council, p. 133) enacted the present article 78 of the Civil Practice Act and abolished the classifications of certiorari to review, mandamus and prohibition and substituted therefor a special proceeding against a body or an

officer, it expressly provided that " nothing in this section [Civ. Prac. Act, § 1283] shall be construed as abolishing the writ of certiorari under the tax law, or under any other general or special statute, to review assessments for purposes of taxation which are placed upon the local tax rolls."

In 1949, again upon the recommendation of the Judicial Council (Fourteenth Annual Report of N. Y. Judicial Council, p. 179; Fifteenth Annual Report of N. Y. Judicial Council, p. 321), the special statutory certiorari proceeding to review a tax assessment was abolished and a special proceeding was substituted therefor (L. 1949, ch. 551). Basic amendments were made to article 13 of the Tax Law and ancillary amendments were made to section 166 of the New York City Charter and to section 166-1.0 of the Administrative Code to conform to the amendments of the Tax Law (L. 1949, chs. 550, 551). References to the writ process were eliminated and references to the proceeding to review a tax assessment substituted therefor. For purposes of consistency and clarity, section 1283 of the Civil Practice Act was also amended by deleting the last sentence thereof which had previously excepted from its abolitionary purview the writ of certiorari under the Tax Law (L. 1949, ch. 550).

It is significant, as appears from the reports and studies of the Judicial Council, that the new procedure to review tax assessments established in 1949, although *sui generis,* was *modeled in part after a proceeding under article 78* (Fourteenth Annual Report of N. Y. Judicial Council, pp. 180–181, 190; Fifteenth Annual Report of N. Y. Judicial Council, pp. 322–323, 332. Emphasis supplied.) However, the Judicial Council made clear that " it is not proposed to modify, change or affect any substantive rights now existing, or the relief to which an aggrieved taxpayer is entitled under present Article 13 of the Tax Law " (Fourteenth Annual Report of N. Y. Judicial Council, p. 182; Fifteenth Annual Report of N. Y. Judicial Council, p. 324).

The enactment in 1937 of the present article 78 of the Civil Practice Act (L. 1937, ch. 526) apparently made no change in the substantive law governing the right to relief, without restriction as to the nature of the relief then or formerly available by certiorari, mandamus or prohibition (see Third Annual Report of N. Y. Judicial Council, p. 177).

The court has been referred to no case and none has been found where a proceeding under article 78 of the Civil Practice Act or

any of the former separate proceedings superseded thereby have been held maintainable under circumstances presented here. Remedy by mandamus has been rejected (*People ex rel. N. Y. & H. R. R. Co.* v. *Board of Taxes,* 55 App. Div. 544, appeal dismissed 166 N. Y. 154); and while it has been declared that a common-law or code certiorari proceeding would lie to review an assessment concededly void for want of jurisdiction (*People ex rel. Rendrock Powder Co.* v. *Feitner,* 41 App. Div. 544), in which proceeding only questions of law were involved which could be disposed of on the petition and return, it would seem that as a matter of present-day policy and in the interests of procedural clarification and simplification, an article 78 proceeding should not be made an alternative remedy to a tax proceeding modeled and patterned after such article 78 proceeding. Moreover, there is authority for the proposition that review of a denial of exemption of real property from taxation may not properly be had under article 78 (cf. *Matter of National Arts Club,* N. Y. L. J., March 12, 1941, p. 1121, col. 3).

Accordingly I hold that a proceeding under article 78 of the Civil Practice Act is not available as a method for reviewing the question of assessment of or exemption from real estate taxes. The petitioner's motion to dismiss the third and fourth defenses for legal insufficiency, having been considered as a motion to strike out such defenses, is denied. The application for an order pursuant to article 78 of the Civil Practice Act is denied on the ground that the relief sought is not available in such a proceeding and the petition must therefore be dismissed.