Inving H. Saypol, J.
Motion for an order pursuant to article 78 of the Civil Practice Act to review and annul the determination of the Tax Commission of the City of New York, which denied exemption of assessment and partial abatement of taxes, is denied and the petition is dismissed.
The Administrative Code of the City of New York was amended by enactment of section J41-2.4 by Local Law No. 118 of 1955 of the City of New York on the authority of the 1955 *1062 amendment to section 5-h of the Tax Law (L. 1955, eh. 410). The revision note (L. 1955, ch. 410) states its purpose to encourage through tax allowances alteration and improvement, to correct fire and health hazards, of salvageable buildings for lower income families. The petitioner claims to be one so entitled to the extent of $93,000 of allowances for alterations. The respondent opposes in point of law, conténding that relief, if any, is available only under section 290 of the Tax Law, sections 163 to 166 of the New York City Charter, and section 166-1.0 of the Administrative Code. The determination of the respondent, it is said, too, is supported on the merits. It is alleged that the petitioner’s building was not substandard, that there was no showing of need for elimination of dangerous conditions in this multiple dwelling, which represented fire or health hazards, that by evicting all former occupants and converting from 12 large apartments to 46 one-, two- and three-room units the property was decontrolled and present rentals are between $75 and $125 monthly, plainly not for lower income families.
The respondent’s objection in point of law is valid and must be sustained. The prescribed procedure for a review of real property tax assessments is statutory and must be strictly followed (People ex rel. New York & Harlem R. R. Co. v. Board of Taxes & Assessments, 166 N. Y. 154; Commercial Nat. Bank & Trust Co. of N. Y. v. Chambers, 82 N. Y. S. 2d 661). Where it is claimed that an assessment is erroneous by reason of overvaluation, a complete and adequate remedy is provided by section 290 et seq. of the Tax Law, sections 163-166 of the New York City Charter, and section 166-1.0 of the Administrative Code. The remedy thus provided is exclusive (Sikora Realty Corp. v. City of New York, 262 N. Y. 312; Friedman & Son, Inc. v. City of New York, 262 N. Y. 665). A proceeding-under article 78 of the Civil Practice Act is not an alternative (Bierman v. Boyland, 125 N. Y. S. 2d 86, 90-92, and cases cited; Farragut Gardens No. 1 v. Boyland, 106 N. Y. S. 2d 492, affd. 279 App. Div. 913, motion for leave to appeal denied 279 App. Div. 1078). Within the statutory framework the petitioner here filed a timely application for relief by March 15, 1956. Since it was not granted by May 25, 1956, it was final (New York City Charter, § 165). Section 166 of the New York City Charter and section 166-1.0 of the Administrative Code provide that a proceeding to review a determination of the Tax Commission must be commenced by serving a copy of a verified petition as prescribed by law on the president of the Tax Commission or his duly authorized agent before the 25th day of October following the time when the determination *1063 sought to be reviewed was made. Between September 6, 1956 and October 1, 1956, the respondent afforded the petitioner a hearing and denied relief. Instead of proceeding as required, petitioner instituted this proceeding on October 19, 1956. The failure to institute the proper proceeding within the time allowed is a fatal bar to relief (People ex rel. Northchester Corp. v. Miller, 288 N. Y. 163).
This case is not one in which the respondent may be charged with illegality for lack of jurisdiction (cf. Matter of State Ins. Fund v. Boyland, 282 App. Div. 516, revg. 203 Misc. 741, affd. 309 N. Y. 1009). Nor is Matter of Holden v. Boyland (5 Misc 2d 703) of any help merely because the court there refrained from discussion of a similar point, decision being for the respondent because that proceeding was prematurely brought.
Resolution on the merits is rendered moot by this decision sustaining the objection in law.