Hyman Korn, J.
Petitioner brings on this article 78 proceeding to review and annul the determination of respondents in assessing real property taxes upon petitioner’s property for the taxable fiscal years of 1971-1972, 1972-1973, 1973-1974 and 1974-1975.
Petitioner acquired title to this property on September 7, *341 1971, from the city, wherein the property was tax exempt prior thereto, in accordance with subdivision 1 of section 406 of the Real Property Tax Law. Apparently, the tax exemption was not removed from the assessment rolls after this transfer, but was listed on the assessment rolls, and the taxable status was fixed for the subject years as "exempt property.” However, it is unquestioned that the. properties were valuated for assessment (though no levy was made) and the books were open for public inspection during the period as required by section 163 of the New York City Charter. Although there is some dispute, for purposes of this petition, it shall be assumed that petitioner never received tax bills for the subject years as regards the assessment and collection of these taxes until the latter part of 1974, when the property was restored to the tax rolls in petitioner’s name.
Petitioner contends that by the failure of respondents to restore the property on the tax rolls in petitioner’s name after the transfer from the city in September, 1971, as well as the failure to send tax bills, petitioner was not afforded an opportunity to timely protest the assessments for the subject years, particularly as to property which was assessed in error, contrary to the provisions of section E17-10.0 of the Administrative Code of the City of New York (which states that properties shall not be assessed upon a building in the course of construction on January 25 prior to the taxable year where not occupied in part by April 15 of said year). It is further contended that restoral of the property from exempt status to the tax rolls and issuing tax bills in order to tax petitioner for prior years without notice or hearing is violative of petitioner’s rights to due process and should be declared null and void.
It is well settled that all real property is taxable unless specifically exempt by statute (Real Property Tax Law, § 300), and petitioner does not contend (nor could it do so) that the property was entitled to exempt status after its transfer to petitioner in September, 1971. Thus, we are confronted with the issue of whether by failing to send petitioner tax bills for those years in issue, petitioner was denied the opportunity to challenge those assessments under the procedures afforded petitioner under section 163 of New York City Charter. We think not.
It is well settled that the entire proceeding for the review of real property tax assessments by the courts is statutory and *342 must be strictly construed. This procedure, under sections 163-166 of the New York City Charter afforded petitioner an opportunity to challenge the assessment after inspection of the public records during the applicable period, and it is of no consequence that the property was carried on the tax rolls as exempt property as regards petitioner’s right to timely protest and challenge said assessment. This court will not review respondent’s determination once petitioner has failed to avail itself of its statutory remedy (Bierman v Boyland, 125 NYS2d 86; Seamen’s Bank for Sav. in City of N.Y. v Boyland, 125 NYS2d 265; see, also, Matter of Alwalt Realty Corp. v Boy-land, 5 Misc 2d 1061).
The case of Matter of Kenford Co. v Legislature of County of Erie (45 AD2d 210) cited by petitioner for the proposition that petitioner was not afforded due process in challenging these assessments is clearly distinguishable. There the court found that at no time during the periods specified were the properties described as owned by the petitioners and no notice to that effect was given to petitioner; that the county did not follow its own procedures under the local tax act in affording petitioner the opportunity to challenge the assessments, and therefore held that the assessments were null and void because petitioner was not afforded due process. Here the petitioner was the record owner for the period in question. Tax liability is not disputed, but only the amount of the assessments. The New York City Charter afforded petitioner sufficient notice and the opportunity to be heard in order to satisfy the requirements of due process in such case. (Bierman v Boyland, supra; Matter of City of New York [801-815 E. New York Ave.], 290 NY 236, 240, 241).
The fact that petitioner was not sent tax bills for the subject years, or that the tax rolls were in error so that petitioner was not taxed in prior years, does not bar respondent from levying these taxes in 1974 (see Administrative Code, §§ 415 [1]-15.0, D17-7.0, E17-14.0; Real Property Tax Law, § 558, subd 1).
Petitioner conceded having knowledge of its tax liability in August, 1974 when transfer of title back to the city was being effected. Having, failed to avail itself of the proper administrative remedy for challenging the assessments at that time, petitioner may not resort to a proceeding under article 78 as an alternative remedy to the one provided by the New York *343 City Charter and the Tax Law. (Bierman v Boyland, supra, p 90.)
In accordance with the reasons set forth herein, the petition is dismissed.