OPINION OF THE COURT
Alfred D. Lerner, J.
This is a motion by plaintiff, Alice M. Laurenson, as executrix of the estate of Georgiana B. Meduna for an order awarding her summary judgment against defendant, City of *217 New York, in the amount of $12,324.50 paid to satisfy a tax lien upon the subject premises located at 25-18 Curtis Street, Queens, New York. Defendant cross-moves for summary judgment dismissing the complaint against it for failure to state a cause of action.
The facts are undisputed. The subject premises were formerly owned by Joseph Meduna. On March 28, 1940, Mr. Meduna applied to the Tax Commission of the City of New York for an exemption from real property taxation on the ground that he was a veteran of the Spanish-American War. The Tax Commission granted the application and exempted $700 of the total assessed valuation of the property from taxation, commencing with the tax year 1940-1941. The veteran’s exemption was gradually increased until it reached a maximum of $4,800, commencing in the tax year 1954-1955. Mr. Meduna died on October 12, 1958, and the subject property was devised to his wife, Anna Meduna. Pursuant to section 458 (1) of the Real Property Tax Law, Anna Meduna was entitled to the veteran’s exemption of her deceased spouse.
On January 7, 1963, Anna Meduna conveyed the subject property to her adult daughter, Georgiana Meduna. The deed was recorded in the office of the City Register, Queens County, on January 11, 1963. While Georgiana Meduna was not entitled to the continuation of the veteran’s exemption, the exemption remained unchanged on the records of the Tax Commission and Queens Real Property Assessment Bureau. Georgiana Meduna died on October 7, 1982, and, on September 26, 1985, the plaintiff executrix conveyed the subject property to third persons. The defendant city discovered the exemption error in August 1985 as the result of inquiries made by the purchaser’s title company. The City Collector issued a bill in the amount of the restored taxes plus interest on October 31, 1985 and recorded the restored taxes in the official tax register on December 29, 1985. On May 15, 1986, the purchaser’s title company paid the full balance of restored taxes, plus interest, to the city in the amount of $12,324.50 from escrow funds deposited by plaintiff with the title company as a condition of the sale.
It is well settled that all real property is taxable unless specifically exempt by statute (RPTL 300) and plaintiff does not contend that the subject property was entitled to exempt status after its transfer to Georgiana Meduna in January 1963. Plaintiff maintains, however, that the defendant city is *218 estopped from retroactively canceling the exemption and reimposing taxes upon the subject premises for the prior years.
Pursuant to subdivision (2) of section 494 of the Real Property Tax Law, whenever any person not entitled to an exemption acquires title to property which is exempt from taxation "such property shall immediately become subject to taxation”. Thus, the veteran’s exemption on the subject premises was terminated, by operation of law, upon its transfer to Georgiana Meduna. The fact that the tax rolls were in error so that plaintiff’s decedent was not taxed in prior years does not, by itself, bar the city from levying these taxes in 1985. (See, Matter of Hassberg v Tax Commn., 36 NY2d 817; Matter of Eversley & Co. v Finance Adm’r, 88 Misc 2d 340, affd 49 AD2d 733, affd 40 NY2d 863.)
Plaintiff’s contention that the restoration of taxes is void in that the city failed to comply with mandatory notice provisions is without merit. Sections 1511 and 1512 of the New York City Charter, relied upon by plaintiff, have no application to this case. Subdivision (2) of RPTL 494 provides for the loss of exemption by operation of law where, as here, the transfer to a nonexempt individual or entity occurs in cities having a population of one million or more. Said provision recognizes that in a large city notice of a change of possession is not readily discoverable and it attempts to protect the municipality against nondisclosure and the loss of taxes. This immediate restoration to taxable status is unrelated to the New York City Charter provisions which apply to the affirmative acts of the city in increasing the assessed valuation of property.
Even assuming the Legislature did not consider a transfer pursuant to subdivision (2) of RPTL 494 to result in an immediate loss of exemption, the notification requisites contained in RPTL 510-a would apply to this case. Pursuant to RPTL 510-a the city is required to mail notice of a change in the exempt status of property to the owner 30 days prior to the final date for filing an appeal. However, subdivision (2) of RPTL 510-a provides that "[fjailure to mail any such notice or failure of the owner to receive the same shall not prevent the levy, collection and enforcement of the payment of taxes on such real property.” Thus, while the owner must be afforded an opportunity to be heard, the imposition of the tax without such notice is not rendered void. (Cf., Barrett v Cuskelly, 28 AD2d 532.)
*219 While plaintiff alleges that the city should be "estopped” from reimposing taxes upon the subject premises no evidence has been submitted in support of this theory. In order to establish the right to an estoppel, the party adverse to a municipality must show (1) lack of knowledge and the means of knowledge of the truth as to the facts in question, (2) reliance upon the conduct of local government personnel, and (3) action based thereon of such a character as to change her position prejudicially. (Quaglia v Incorporated Vil. of Munsey Park, 54 AD2d 434, affd 44 NY2d 772.) Plaintiff has failed to satisfy any of these criteria.
In accordance with the foregoing, the motion by plaintiff is denied. The cross motion by defendant for summary judgment is granted and the complaint is dismissed.