■ In the Matter of AMERICAN PEN CORPORATION, Appellant, v TAX COMMISSION OF THE CITY OF NEW YORK et al.,

Respondents. [722 NYS2d 27] —Order, Supreme Court, Bronx County (George Friedman, J.), entered June 3, 1999, which, in a proceeding to annul respondents' retroactive assessment of real property taxes with retroactive interest and penalties, granted respondents' motion to dismiss the petition for failure to state a cause of action, unanimously modified, on the law, to deny the motion insofar as addressed to the assessment of interest and penalties, and to grant the petition to the extent of allowing the assessment of interest and penalties only from the date in 1997 when respondents corrected their tax records, the matter remanded to respondents for revising the assessment in accordance herewith, and otherwise affirmed, without costs.

Petitioner acquired title to the subject properties in 1988. However, due to an error on the part of the City Register of Deeds, the properties were carried as tax exempt. In 1997, respondents discovered the error and corrected the tax assessment. However, in addition to billing petitioner for the back taxes (*Matter of Eversley & Co. v Finance Adm'r of City of N. Y.,* 88 Misc 2d 340, *affd* 49 AD2d 733, *affd* 40 NY2d 863), respondents included interest and penalties thereon back to the date when petitioner acquired title to the properties. Under the circumstances presented, the back taxes did not become due and payable until respondents' bill therefor was presented to petitioner, in 1997, and the period for imposing interest and penalties should be calculated from that date (*see,* NY City Charter § 1520). Significantly, the Statement of Operational Procedure of the Department of Finance is consistent with this conclusion, and respondents have failed to offer any explanation as to why the Operational Procedure should not be followed here. Concur—Rosenberger, J. P., Nardelli, Ellerin, Saxe and Friedman, JJ.