In the Matter of HUMBERT MALARA et al., Appellants, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.— Petitioners appeal from an order denying their application, pursuant to article 78 of the Civil Practice Act, to annul the determination of respondent which affirmed an order of the local rent administrator denying to petitioners a certificate of eviction for use of the apartment by a part-time resident superintendent. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Schmidt, Beldock and Murphy, JJ., concur; Wenzel, J., dissents and votes to reverse the order, to annul the determination of the State Rent Administrator, and to direct the issuance of a certificate of eviction, with the following memorandum: The appellants herein are the owners of a multiple dwelling, housing twelve tenants. Their petition to the local rent administrator was for leave to evict a tenant occupying a one-room apartment, the rental of which was $22 a month, so that they might give the apartment to a resident part-time superintendent. The application was denied for failure to establish the existence of good faith and of an immediate and compelling necessity. On a protest by petitioners, respondent affirmed the order of the local rent administrator for the reason that respondent questioned petitioners' good faith because the tenant, sought to be evicted, had had some trouble with a former owner of the building and because petitioners failed to install such superintendent in either of two apartments renting for $125 and $90, which had become vacant during their ownership. The finding of lack of good faith because of something which occurred before the petitioners came into possession is based solely on surmise and suspicion, nor is a landlord required to give a resident superintendent the most expensive apartment in the building to show his good faith. In addition to caring for the twelve-tenant house, the petitioners on this appeal have stated that the prospective resident superintendent was to care for a neighboring building housing nine tenants. Section 83 of the Multiple Dwelling Law requires a resident janitor for a multiple dwelling occupied by thirteen or more tenants. Under these circumstances I do not believe that the petitioners can be said to have made an unreasonable request for a part-time resident superintendent to care for twelve tenants in one house and nine in another. The Multiple Dwelling Law lays grave strictures on the owner of such a building, of which he may not relieve himself and which predicate serious financial responsibility on his failure to properly maintain the premises. Assuming, but not deciding, the propriety of requiring a showing of compelling necessity, as held in an opinion of respondent, I think it has been here shown that such compelling necessity exists, and the refusal to issue the certificate applied for therefore constitutes an arbitrary and unreasonable ruling.