Per Curiam.
 

 This appeal seeks to set aside and annul an order of the State Bent Administrator denying the petitioner’s application, as owner of London Gardens on West 23rd and 24th Streets, New York City, (1) to convert 10 elevators from manual to automatic operation and (2) to make various structural alterations in the 10 buildings owned by the petitioner in the following respects: the elimination of the entrances and lobbies in 8 of the 10 buildings leaving only the lobby of the center building on 23rd Street, and the lobby of the center building on 24th Street, in order to give the petitioner 16 new dwelling and professional units.
 

 The. State Bent Administrator has found that ‘1 adequate protection cannot be devised which would give the tenants a satisfactory substitute for the presence of elevator operators ” and that the changes proposed
 
 1
 
 ‘ would constitute substantial decreases of essential services to which the tenants are entitled ’ ’.
 

 The courts may not overturn determinations made by the State Bent Administrator unless they have been made without substantial evidence to support them or are arbitrary and capricious. We conclude after a review of the record herein that the determination of the administrator that the tenants would be deprived to a substantial extent of essential services is fully supported by the proof adduced at the hearings.
 

 Each building contains 2 elevators both of which are manually operated, one a passenger elevator and the other a service
 
 *4
 
 elevator. Each unit is 16 stories high. There are 969 apartments in the 10 units housing about 2,000 tenants.
 

 The substitution of 2 lobby attendants together with a complicated system of identification cards, bells, clocks, fire door keys and switch keys in place of 8 elevator operators clearly amounts to a decrease in essential services in a building of such a size with the attendant inconvenience and hardship to elderly people as well as the possible dangers from intruders to them and the women and children residents. As a result of the lobby and entrance conversion, the tenants would be deprived of private building lobbies and compelled to walk “ a short city block ” to a single crowded entrance and back, through a narrow interior hall or to enter through an unprotected fire door. Finally the proposed package room would substitute an unwieldy and inconvenient method for the present simple delivery: of' all packages directly to the tenant by the manual elevator. Under the circumstances, the denial by the administrator to the petitioner of a right to implement its integral plan for lobby, entrance and elevator changes affords no basis upon which may rest a conclusion that the action of the administrator was arbitrary or capricious. This case differs from the cases of a simple elevator conversion where conditioning the conversion on lobby attendants provides ample protection. Under the rent act a landlord can no more remove a lobby than it could remove the elevators or any other facility essential to tenants. Since the commission has the power to require continuance of protection in the lobby
 
 (Matter of Jerlan Holding Corp.
 
 v.
 
 McGoldrick,
 
 281 App. Div. 545;
 
 Matter of R. E.
 
 Associates v.
 
 McGoldrick,
 
 282 App. Div. 1043, affd. 308 N. Y. 710), it has the power to require continuance of the lobby and entrances themselves.
 

 The Legislature has granted to the commission extensive powers to find facts and promulgate regulations thereon to insure continuation of essential services which the landlord was obliged to provide on the date at which the maximum rent was frozen. Such power has been upheld by the courts
 
 (Matter of 52 Clark Inc.
 
 v. McGoldrick, 279 App. Div. 913, affd. 304 N. Y. 676). In view of the careful, thorough consideration given by the commission to the landlord’s proposals, the findings of the commission which are amply buttressed by facts, impress us as reasonable.
 

 
 *5
 
 The order of the Appellate Division should he affirmed, with costs.
 

 Conway, Ch. J., Desmond, Fuld and Bubke, JJ., concur in
 
 Per Curiam
 
 opinion; Feoessel and Van Voobhis, JJ., dissent and vote to reverse the order appealed from and to annul the determination of the State Bent Administrator insofar as it prevents conversion of these buildings, and to direct that the conversion be permitted subject to the substituted conditions enumerated by the Bent Administrator, for the reasons stated by Callahan, J., at the Appellate Division. Dye, J., taking no part.
 

 Order affirmed.