Burke, J.
This article 78 proceeding was brought to review the denial by the State Bent Administrator of an application for a certificate of eviction of a tenant from a first-floor four-room apartment. The petition alleges that the apartment which has been occupied by the tenant for five years is needed for a resident superintendent and that the tenant refused an offer of a vacant apartment.
The dispute resulted from the discharge of the tenant from the position of part-time janitor, at a salary of $20 per month. The tenant charged the landlords with bad faith, which, tenant contends, is established by the conduct of the landlords, the character of the building, and its proximity to the residence and business location of the landlords. The premises, located 4 blocks from the residence of the landlords, and 12 blocks from their place of business, contains 10 apartments which are heated by an automatic oil burner. Prior to the notice of discharge and the attempt to terminate the tenancy, the tenant-janitor had requested painting and repairs for the apartment. These services were included in the tenant’s maximum rent.
At the same time as the notice to terminate the tenancy was given, the landlords, according to the tenant, offered the tenant an apartment registered at a rental of $74 a month for a rental of $98 in place of the apartment he occupied at a rental of $56.75.
The administrator found that a resident superintendent was not required by any law; in fact, no proof had been shown indicating that a resident superintendent was required; the landlords had failed to place a resident superintendent in various apartments in the building which had been vacant prior to and concurrent with the tenant’s discharge as a resident superintendent; the landlords did not institute the present proceeding until the tenant had filed a painting complaint; the landlords were not proceeding in good faith; their application for a certificate of eviction was retaliatory and there was no immediate and compelling need for a resident superintendent.
Special Term upheld the administrator’s denial of the application. The Appellate Division decided the action of the *126 administrator was arbitrary. We agree with the decision of Special Term.
Notwithstanding the absolute right of the landlords to discharge the tenant as a part-time janitor, the tenant as an occupant of a controlled apartment building was nevertheless a tenant within the meaning and intent of the regulations. For this reason the discontinuance of the services of the tenant as part-time janitor did not affect the rights of the tenant to the apartment. Such rights can only be terminated upon an adequate showing before the administrator that the petition for eviction was made in good faith, and that there was an immediate and compelling necessity to have a resident superintendent in that particular apartment (State Rent and Eviction Regulations, § 54, subd. 1; Opinions of State Rent Administrator, No. 4). The mere assertion that the apartment is the best located for the purpose and has been superintendent-occupied for many years does not overcome evidences of a lack of good faith, nor establish an immediate and compelling necessity without proof of more than bare inconvenience or the inability of a visiting superintendent to properly maintain the house where the landlord is not required by local authorities to install a resident superintendent (Matter of Malara v. McGoldrick, 284 App. Div. 1046, affd. 308 N. Y. 902).
The nearby residence and place of business of the landlords, the commencement of the eviction proceeding after the request for painting and repairs, the failure to install a superintendent in vacant apartments and the absence of proof of an attempt to secure a nonresident superintendent or of the inadequacies of such an arrangement, are sufficient grounds to support the findings of the administrator. Since the order of the administrator had a reasonable basis, the court may not substitute its judgment for that of the administrator (Matter of Bromberg v. McGoldrick, 281 App. Div. 1038, affd. 306 N. Y. 690; Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1, 3).
The order of the Appellate Division should be reversed and that of Special Term reinstated, witih costs in this court and in the Appellate Division.
Conway, Ch. J., Desmond, Dye, Fund, Froessel and Van Voorhis, JJ., concur.
Order reversed, etc.