■ In the Matter of MANHATTAN SCENE, INC., Doing Business as UNCLE SAM'S, Petitioner, v STATE LIQUOR AUTHORITY, Respondent.—Determination unanimously confirmed, without costs. Memorandum: Petitioner is the holder of a liquor license permitting the sale of alcoholic beverages for on-premises consumption at Uncle Sam's, a nightclub located in Cheektowaga, New York. Following an altercation in the parking lot on August 25, 1975 in which two patrons were allegedly beaten by club bouncers, the State Liquor Authority (SLA) commenced proceedings to revoke petitioner's license. A hearing was subsequently held and, based upon the findings of the hearing officer, the SLA suspended petitioner's license for 30 days (15 days forthwith and 15 days deferred) and ordered forfeiture of a $1,000 bond. Thereafter, seeking to review that determina-

tion, petitioner commenced this article 78 proceeding which was transferred to us pursuant to CPLR 7804. The complaint served by the SLA alleged a violation of 9 NYCRR 53.1 (n) which prohibits "improper conduct by the licensee or permittee and if a corporation, by an officer, director or person directly or indirectly owning or controlling 10 percent or more of its stock." Although the SLA alleged such misconduct only on the part of an employee and not an officer or director, that did not render the complaint defective on its face. It was undisputed that the named employee was an assistant manager of the club and, as such, his conduct may be imputed to the licensee (see *Matter of Playboy Club of N..Y. v State Liq. Auth.*, 23 NY2d 544; see, also, *Matter of Cuti v Roth*, 50 AD2d 1044). Nor was the SLA required to prove a series of incidents of disorderliness in order to sustain the charge. Where, as here, the licensee's agent is instrumental in creating the disorder, it is unnecessary to establish a foreseeable pattern of conduct and a single incident will suffice *(Matter of Club 95 v State Liq. Auth.*, 23 NY2d 784; *Matter of Cuti v State Liq. Auth., supra)*. With respect to the question of substantial evidence, it is well settled that issues of credibility are for the administrative agency to decide and where there is sufficient evidence to support either of two opposing conclusions, the agency's assessment of the veracity of the witnesses must be upheld *(Matter of Collins v Codd*, 38 NY2d 269; *Matter of Stork Rest. v Boland*, 282 NY 256). Approval of the agency's acceptance of the complainant's testimony provides substantial evidence to support the determinations that the altercation was caused by petitioner's employees. Based upon our decision in *Matter of Taibbi v State Liq. Auth.*, (48 AD2d 568), we find no error in the SLA's refusal to make certain witnesses' statements available to petitioner until just prior to cross-examination. With respect to any statement from Joseph Ferrucci, who was a party involved in the incident, the SLA denies that it possesses any such state- ment. Since in the absence of evidence to the contrary we must assume that the agency has acted in a lawful and proper manner (see *Matter of Taibbi v State Liq. Auth., supra*, p 571), petitioner was not denied a fair hearing. Nor was petitioner entitled to the benefit of an unfavorable inference against the SLA by virtue of the SLA's failure to call Ferrucci as a witness. While such an inference would be available in a judicial proceeding, such strict rules of evidence do not apply to administrative proceedings *(Matter of Hecht v Monaghan*, 307 NY 461). Finally, inasmuch as the penalty imposed on petitioner was not "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" *(Matter of Stolz v Board of Regents*, 4 AD2d 361, 364), we see no reason to modify it. (Article 78 proceeding transferred by order of Erie Supreme Court.) Present—Moule, J. P., Cardamone, Hancock, Denman and Witmer, JJ.