OPINION OF THE COURT
Hilda G. Schwartz, J.
Petitioner moves for an order pursuant to CPLR article 78 annulling respondent commissioner’s order of July 1, 1977 and determining that the subject apartment is not covered by the Rent Stabilization Association’s code.
The Emergency Tenant Protection Law of 1974 (L 1974, ch 576, § 4) provided that previously vacancy decontrolled apartments are recontrolled and their owners must register with the Rent Stabilization Association ("RSA”) except if they are situated "in a building containing fewer than six dwelling units” (§ 5, subd a, par [4], cl [a]).
Petitioner is the owner of three adjacent buildings, each containing less than six dwelling units. Petitioner did not register the apartments with RSA because each building contained less than six dwelling units. *665 One tenant filed a complaint of rent overcharges which led to the service of a notice dated October 5, 1976 by the district rent director instituting a proceeding to determine the status of the subject apartment. During the pendency of the proceedings before the district rent director, petitioner instituted a holdover summary proceeding in Civil Court against the tenant of the subject apartment wherein petitioner alleged that the rent stabilization law and the code promulgated pursuant thereto were not applicable to the subject apartment.
The Civil Court, in an interim order, directed the district rent director to determine the status of the apartment. After an examination of the premises and the pertinent records, the district rent director ruled that the subject apartment was recontrolled by the rent stabilization law through the Emergency Tenant Protection Act of 1974. The director found that the apartment was part of a horizontal multiple family dwelling complex consisting of petitioner’s three houses which share a long history of uninterrupted common ownership; one restaurant occupies the basement and cellar of all three houses and the three houses share the following combined facilities: one heating plant and centralized gas and electric meters.
After the district rent director issued his order, the Civil Court entered an order in the holdover proceeding which declared that the apartment was not controlled, basing its decision on the fact that the building is not a "garden type maisonette dwelling complex” within the meaning of sections 161, 162 and 163 of the Multiple Dwelling Law.
The petitioner protested the district rent director’s ruling, and the respondent commissioner upheld the director’s ruling.
Petitioner seeks to annul the commissioner’s ruling on the grounds that it was incorrect and was an unauthorized attempt to overrule the Civil Court. However, the matter was properly a matter for respondent to determine. (Matter of Schmeidler v Punia & Marx, 45 AD2d 823, mot for lv to app dsmd 35 NY2d 790.) And here the Civil Court had directed the rent agency to determine the apartment’s status.
The final order of the rent agency is subject to administrative review by the commissioner and article 78 judicial review (Administrative Code of City of New York, §§ Y51-8.0, Y519.0). Judicial review must, under subdivision b of section Y519.0 of the Administrative Code, be brought in the Supreme Court.
*666 The commissioner’s ruling has a rational basis and cannot be disturbed by this court. (Matter of Colton v Berman, 21 NY2d 322; Matter of Mounting & Finishing Co. v McGoldrick, 294 NY 104; Matter of First Terrace Gardens v McGoldrick, 1 NY2d 1.)
The petition is dismissed.
Settle order.