■ In the Matter of Joyce Euson, Appellant, v Department of Social Services of Cortland County et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Cortland County) to review a determination of the Department of Social Services of Cortland County, which dismissed petitioner from her civil service employment. Petitioner, employed in 1971 by the Department of Social Services of Cortland County as a clerk in the Food Stamp Division was suspended on January 23, 1978. Her duties included canceling erroneously computer printed authorization to purchase cards, hereinafter called ATPS, and typing correct ATPS. On or about October 11, 1977, Susan Osborn, an investigator in the department's fraud unit, received a complaint of possible irregularities in the issuance of ATPS by petitioner. In the course of her investigation, it was discovered that there had been a duplicate issuance of ATPS in a Ward Smith case, and that both the ATPS which were computer printed with errors and typed corrected ATPS had been indorsed with a signature reading "Wilma Smith" and cashed. Wilma Smith was not the wife of Ward Smith, but was the wife of a Robert Smith according to the records in the department. By reason of these irregularities, the Cortland County Sheriff's department was requested to assist in the investigation. On January 17, 1978, petitioner was requested to accompany two Deputy Sheriffs to the Sheriff's department for the purpose of questioning. Petitioner was questioned concerning her general duties and observations, and was subsequently shown the duplicate ATPS which had been issued and cashed. Between noon and 12:30 P.M. petitioner admitted having illegally cashed them. On January 23, 1978, the petitioner was notified in writing by the commissioner that she had been suspended without pay, and

that she was entitled to a formal hearing to answer the following charges: "While employed as a clerk at the Department of Social Services of Cortland County, on November 18, 1977, you did steal two Authorization to Purchase Food Stamp certificates. To wit: #770393059 for the amount of $134.00, at no cost to the bearer. And #770393060 for the amount $134.00, at no cost to the bearer. Each certificate was a computer error and became the property of the Department of Social Services and were to be cancelled by you. Instead you stole each certificate and forged and cashed the certificates." A hearing was held on February 23, 1978 at which the above facts were elicited. In addition, the testimony indicated that the duplicate ATPS had been typed on petitioner's typewriter, and that petitioner had told an investigator that she had been relieved that she had been caught. The petitioner testified that she admitted having taken and cashed the ATPS at about 3:30 in the afternoon because she just had to get out of there in that she did not have lunch or her insulin which caused her eyes to get blurry, and she was confused and unsteady. She further testified that she told the Deputy Sheriff that she had not had lunch or her medicine, but did not advise them of her diabetic condition. She admitted having signed a statement waiving her right to counsel, but stated that she vaguely remembered signing it when told she had to sign it to be released. The hearing officer found that the preponderance of the evidence sustained the commissioner's charges. On April 20, 1978, the commissioner notified the petitioner that she was terminated effective April 20, 1978. The petitioner then brought this proceeding to annul the commissioner's determination by petition dated May 30, 1978. The petitioner contends that the commissioner had no authority to allow petitioner to be interrogated by the Sheriff's department; that the oral confession was involuntary and extracted in violation of due process; that the commissioner failed to produce substantial evidence in support of the charges; and that the penalty of dismissal was excessive. The facts uncovered by the investigation were sufficient to indicate the commission of a crime and, under such circumstances, it is immaterial whether interrogation was conducted by the department or the Sheriff's office or jointly. Issues of credibility are also within the province of the hearing officer and the commissioner, and where there is sufficient evidence to support either of two opposing conclusions, the determination of the hearing officer and the commissioner must be upheld (*Matter of Manhattan Scene v State Liq. Auth.,* 58 AD2d 1010). The evidence adduced at the hearing was sufficient for the hearing officer to determine that the petitioner had taken the ATPS, indorsed them with the name of Wilma Smith and cashed them. In view of the nature of the act, it cannot be said that the penalty was excessive. The determination of the commissioner must, therefore, be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.