■ In the Matter of HECTOR CORA, Respondent, v DANIEL JOY, as Commissioner of the Department of Rent and Housing Maintenance, Appellant, and JAMES BROWN et al., Intervenors-Appellants. — In a proceeding pursuant to CPLR article 78 to compel the Commissioner of the New York City Office of Rent and Housing Maintenance to grant the petitioner landlord's application for a certificate of eviction, the commissioner and the intervenor tenants appeal from a judgment of the Supreme Court, Kings County, entered April 11, 1980, which granted the application and directed that a certificate of eviction be issued. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits. Petitioner in this CPLR article 78 proceeding seeks to compel the granting of his application for a certificate of eviction. He has, since April, 1976, been seeking the four-room ground floor apartment herein involved for his co-owner mother, an elderly woman, who allegedly suffers from phlebitis and presently lives alone in a five-room ground floor apartment located in a building owned by her brother-in-law, two to four blocks away from the subject building. On an application of this sort, the petitioner is required to proceed in good faith (Administrative Code of City of New York, § Y51-6.0, subd b, par [1]; Rent and Eviction Regulations of City of New York, § 55). The commissioner concluded that the motive for the application was "retaliatory in nature and based on a desire to evict a particular tenant rather than upon a desire to secure housing accommodations for their own use" and thereupon denied the application for lack of good faith. The commissioner, in reaching his decision, relied on the following: (1) The statements by the petitioner that he decided to utilize the subject accommodation for his mother after a fire occurred in 1977 in the building where his mother currently resides, were inconsistent with his mother's statement that she first decided to move in

1976, before the fire had occurred; (2) The statement by the petitioner that he wanted the subject accommodation for his mother because the neighborhood in which she is currently residing is very bad seemed doubtful, given the fact that the subject accommodation and the building where his mother now resides are approximately two to four blocks apart and thus in the same neighborhood; (3) The landlord's mother and the tenant wife were involved in a physical altercation in 1974, which matter was taken to court. In addition there is a great deal of animosity between petitioner and the tenants; and (4) The tenants applied for rent reductions due to decreased services and in 1974 and 1975 received two reductions totaling $3.99. Special Term concluded that the commissioner's determination was arbitrary and capricious and directed that the certificate of eviction be issued. Special Term's determination was premised primarily upon the petitioner's claim that he had offered the tenants a different apartment at a favorable rent for three years with the tenants having the right to cancel upon 30 days' notice and the petitioner would pay moving expenses, a claim which the tenants denied and the commissioner apparently rejected. We reverse. As Special Term correctly noted: "On applications of this nature, the court cannot substitute its judgment for that of the agency (*Friedman v Weaver,* 3 NY2d 123), it cannot weigh the evidence if there is a conflict in the testimony (*Matter of Stork Restaurant, Inc. v Boland,* 282 NY 256), and it should confirm the agency's determination if it has a rational basis in the record (*Matter of Colton v Berman,* 21 NY2d 322; *Matter of First Terrace Gardens, Inc. v McGoldrick,* 1 NY2d 1)." In our view there existed a rational basis in the record for the commissioner's finding that the petitioner's motivation in seeking a certificate of eviction was retaliatory in nature. Accordingly, Special Term should not have substituted its judgment for that of the commissioner. Titone, J.P., Gulotta, Cohalan and O'Connor, JJ., concur.