■ In the Matter of THERESA FAZIO et al., Respondents, v DANIEL W. JOY, as Commissioner of Department of Housing Preservation and Development, Office of Rent and Housing Maintenance (Rent Control Division), Appellant. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Commissioner of the New York Office of Rent and Housing Maintenance to grant the petitioner landlords' application for a certificate of eviction, the commissioner appeals from a judgment of the Supreme Court, King's County (Vaccaro, J.), dated September 9, 1981, which granted the petition. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits. Petitioners seek, *inter alia,* to compel the granting of a certificate of eviction for the first-floor apartment in a two-family apartment building they own. The tenant is a brother of petitioner Theresa Fazio. Petitioners maintain, as they did in 1977 when they commenced a prior eviction proceeding, that they seek the apartment for medical reasons: Mrs. Fazio has a heart condition which makes the first-floor apartment more desirable than the sixth-floor apartment which she occupies elsewhere and where the elevator service is erratic. Inasmuch as the building in question has fewer than 12 housing accommodations, petitioners need only establish good faith, not compelling necessity (Administrative Code of City of New York, § Y51-6.0, subd b, par [1]; Rent and Eviction Regulations of City of New York, § 55). Two hearing officers found that the ill-feeling existing between the parties negated a good faith intention. This finding was affirmed by the commissioner who concluded that the landlords "are trying to use the Rent Regulations to carry on a family feud". In holding the determination arbitrary and capricious, Special Term stated that "while there may be some bad feelings between the petitioners and the tenant herein, [the] same do not constitute bad faith under the facts and circumstances". The evidence of "bad feelings" is the basis for the conclusion that the petitioners were not proceeding in good faith. Therefore a rational basis exists for the commissioner's finding (see *Matter of Cora v Joy,* 81 AD2d 666; *Matter of Volpicelli v Leventhal,* 48 AD2d 660). Titone, J. P., Mangano, Weinstein and Boyers, JJ., concur.