OPINION OF THE COURT
Anthony J. Ferraro, J.
In a proceeding pursuant to CPLR article 78, petitioner landlord seeks a judgment annulling the determination of the New York State Division of Housing and Community Renewal that affirmed a decision of the local rent administrator modifying downward a prior order increasing a tenant’s rent.
On February 28, 1984, petitioner took title to the premises, a multifamily apartment building in Mamaroneck, New York. The tenant occupied apartment “6M, N”, for which a maximum allowable rent of $745.71 had been ordered by the local rent administrator. By order dated March 20, 1984, the maximum allowable rent was reduced to $686.20. Petitioner landlord filed an administrative appeal from the order on the following grounds:
“The tenant C. Corning is renting 2 apartments, namely apartment 6-M with 2.5 rooms and apartment 6-N with 3.5 rooms.
“The order is based uppn the average rent of apartments under the ETPA with the same number of rooms and services according to record as determined by the local administrator. This determination is challenged because there is no apartment with 6 rooms in the building.”
Petitioner claimed that the proper calculation of rent should be computed by adding the average rent for three- and one-half room apartments and that for two- and one-half room apartments.
*621 The commissioner decided and ordered as follows:
“In response to the current owner’s appeal, the tenant advised that he is not renting two apartments but only one apartment identified as number 6M-N. The apartment consists of one studio apartment joined to a one bedroom apartment and is exactly the same as apartment number 4K-L which is subject to the ETPA. The rent for apartment number 4K-L is $686.20.
“The record indicates that on June 3, 1983, the prior owner submitted to the Local Rent Administrator, the rent roll for the building at 490 Bleeker Avenue, Mamaroneck, New York. The rent roll shows that the subject apartment consists of 5% rooms and there are two other apartments in the building with 5V2 rooms; apartment number 1A-B and apartment number 4K-L. Apartment number 1A-B is subject to the Emergency Housing Rent Control Law but apartment number 4K-L is not. The rent for apartment 4K-L is $661.20 plus $25.00 for a garage, for a total rent of $686.20 per month.
“After careful consideration, the Commissioner finds that the contentions raised by the current owner herein are without merit. The prior owner submitted evidence to the Local Rent Administrator establishing that the subject apartment contains 5% rooms, and that there are other apartments in the building with the same number of rooms. Furthermore, pursuant to section 33 (8) of the Rent and Eviction Regulations, as implemented by Operational Bulletin Number 110, the Local Rent Administrator properly limited the maximum rent for the subject apartment to the average rent of apartments in the building under ETPA which have the same number of rooms and services.
“therefore, in accordance with the Emergency Housing Rent Control Law, as amended, and the Rent and Evictions Regulations promulgated thereunder, and Chapter 403, Laws of 1983, it is
“ordered, that this administrative appeal be and hereby is denied and that the Local Rent Administrator’s Order issued on March 20, 1984 be and the same hereby is affirmed.”
The determination is confirmed. Pursuant to statute and regulation (McKinney’s Uncons Laws of NY § 8584 [4] [a]; 9 NYCRR 2102.3 [b] [8]; New York State Rent and Eviction Regulations § 33 [8]), the administrator may adjust maximum rents by amounts necessary to maintain a system of rent controls at levels which are generally fair and equitable. These increases shall be in accordance with regulations prescribed by the commission.
*622 By Operational Bulletin No. 110, a revised procedure was established for rent adjustments to compensate for unavoidable increased costs of operation at two-year intervals. By Operational Bulletin No. 110, Supplement No. 4 (issued Nov. 10,1980) the following was provided: “[Wjhere non-rent controlled apartments are regulated under ETPA, the rent controlled apartment rent shall not be adjusted to exceed the average of the legal regulated rents for apartments with the same number of rooms in the building or complex which are under ETPA.” (Emphasis added.) There was evidence in the record to support the determination that apartment 6M-N had been converted from two apartments to one; that it consisted of five and one-half rooms, and that it was comparable to non-rent-controlled apartment 4K-L which had also been converted from two apartments to one and presently consisted of five and one-half rooms. The test established by the regulations is the same number of rooms and comparability of apartments. There is no requirement that the apartments be the same in size, location, layout, etc. It should also be noted that as to apartment 6M-N being one or two apartments, the petition itself alleges that it is “one such residential dwelling unit”.
Wherefore, the court finds that there exists a rational and reasonable basis for the challenged determination and said determination should be confirmed. (Matter of Colton v Berman, 21 NY2d 322; Matter of Friedman v Weaver, 3 NY2d 123; Matter of First Terrace Gardens v McGoldrick, 1 NY2d 1.)
The court has not addressed petitioner’s claims of due process violation in that they were not properly raised on the administrative appeal. (Cf. Matter of Hopkins v Blum, 58 NY2d 1011, affg 87 AD2d 613; People ex rel. Medina v Superintendent, 101 AD2d 871.)
Accordingly, the court finds in favor of respondents; petition denied, and proceeding dismissed, without costs or disbursements.