■ In the Matter of BEVERLY SMITH, Petitioner, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Housing and Community Renewal, dated June 27, 1984, which, after a hearing, vacated a stay embodied in a certificate of eviction, dated November 11, 1981, thereby permitting the respondent Rochdale Village, Inc. to commence eviction proceedings against the petitioner.

Determination confirmed and proceeding dismissed on the merits, with costs.

Pursuant to the terms of a stay embodied in a 1981 certificate of eviction, enforcement of the certificate was stayed as long as there was a cessation of noise on the petitioner's premises. The determination to vacate the stay, predicated upon a finding that the petitioner had violated its terms, is clearly supported by substantial evidence. This conclusion is not negated by the fact that conflicting evidence was presented at the hearing. It is well established that issues of credibility are for the administrative agency's resolution (see, Matter of Cora v Joy, 81 AD2d 666; Matter of Manhattan Scene v State Liq. Auth., 58 AD2d 1010).

Contrary to the petitioner's assertion, we cannot conclude that, under the circumstances of this case, the sanction imposed was so disproportionate to the offense as to shock one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222). Niehoff, J. P., Rubin, Eiber and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND ADAMSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered March 12, 1982, convicting him of criminal possession of marihuana in the second degree and bribery in the second degree, upon his plea of guilty, and imposing sentence.

Appeal dismissed.

In 1984 the defendant was deported to Jamaica and his probation was terminated. Accordingly, the appeal is dismissed (see, People v Del Rio, 13 NY2d 899; People v Bryant, 103 AD2d 832; People v Jimenez, 97 AD2d 799). Mollen, P. J., Lazer, Thompson and Kunzeman, JJ., concur.